Cost
vs.
Genette &
Smith.

</div>

JOSHUA COST *vs.* N. GENETTE & J. W. SMITH.

*Error from Shelby Circuit Court*—Before the Hon. A. CRENSHAW.

An attorney, in whose hands a promissory note has been placed for collection, cannot pay it off to the maker thereof, in discharge of his own debt ; and such payment, if made, will not exonerate the maker, at the suit of the holder.

Assumpsit to recover the amount of a note of hand executed by the defendants. It appeared that the note in question, was placed by the plaintiff in the hands of an attorney at law, for collection. who without the knowledge or consent of the plaintiff, paid over the same to Genette, in satisfaction of his (the attorney's) own debt. The court below gave judgment against the plaintiff, who assigned the same as error here.

MOODY, for Plaintiff—
Cited 3 *Am. Dig.* 47—5 *Randolph*, 639—9 *Johns.* 263—6 *Sergt. & Loub.* 459—11 *Johns.* 464—10 *Johns.* 220.

SHORTRIDGE, *contra.*

By Mr. Justice THORNTON:

This was an action brought by the present plaintiff, against the defendant, in debt, for the amount of a promissory note; which, according to an agreed state of facts, the plaintiff had confided to the hands of an attorney at law for collection, and which, by an agreement between the said attorney and the defendant, had been surrendered to him in payment, and discharge of the attorney's own debt to the defendant. The case of *Gullet* and *Lewis*, decided by the court at a former term, is considered to embrace the principle which ought to govern this.

The counsel for defendant in error, suggests as a circumstance distinguishing the cases, the actual surrender and cancelment of the note in this case; whereas, in that, the transfer of the note had not been actually made. I apprehend that the decision in *Gullet* and *Lewis* was not affected by the circumstance here adverted to. The principle declared by the court, was, that an attorney was the especial agent of his client, to receive the money, upon the note committed to him; and that the act done by him was in violation of the authority granted; and so not binding upon the principal. The doctrine of this case has since been, upon several occasions recognised by this court, and has regulated its course of decision—as in *Craig* vs. *Ely*, and in *Kirk* vs. *Glover & Gaines*, at the last term. The principle, settled in those cases, in itself, is so far from being questionable, that it is in fact, one of the very maxims of the law; and its symmetry would be marred, to say the least, by excepting the case of attorneys at law from its influence. Nor do I see that such subjection to a universal rule, can impair in the least, the fair fame of the profession. It is to be sure, no less true in this than in every other instance, that the existence of any law enforcing duty, implies at least, that such duty may be violated; yet it never should be held as a reflection upon virtue, that laws exist to punish vice. The true point of honor in every case, is to

Cost
vs.
Genette &
Smith.

perform duty—not to desire an exemption from the penalty of its neglect.

I will take occasion to remark, that although I consider the general doctrine of agency, so essential to the advantageous conduct of the commerce of the world, as applying to the relation of client and attorney, yet perhaps in no other case does the safety of the community require it less, than in this. It may be from that " *esprit du corps*," which, to some extent, actuates every individual of a class; but I have thought, that no caste in the community gave better proof of trustworthiness, than the profession of the law. Their whole business is confidential, and at all times, much of the property of the country is subject to their disposal. That such confidence is rarely broken, speaks a higher eulogium upon the honesty of the profession, than any language I could use.

It was put with much ingenuity by the counsel, that if the attorney could collect the money, and then pay off his debts with it, why not permit that to be done, which in its result, is just like it—that is, pay off his debt at once with the note. Now, though these cases are alike, yet " *nullum simile est idem.*" The only reason why the first is allowed, is, that from a necessity, it cannot be avoided, and so does not furnish any argument in favor of what, though no worse, may be avoided. It is a homely saying of our law, derived from the pastoral life of our ancestors, that money has no " ear mark," and for that reason cannot be followed through the pockets of men and identified, so as to be reclaimed : but if an agent were appointed to receive a bullock, and after its receipt, he were to pay it off to his own creditor, the principal could pursue it. This is a difference, not in principle, but the subject matter of the agency.

Let the judgment be reversed, and rendered for the amount of the debt, and damages.