## McCARVER et al. v. NEALEY.

In a deposition, the answers of a witness should be substantially responsive to the interrogatories.

Where a demand is placed in charge of an attorney to collect without limitation, he is authorized to receive the money after procuring a judgment, and to enter satisfaction. If the client assigned the judgment to a third party, and after the transfer the judgment-debtor paid the same to the attorney of record, it was held that, as the debtor had no notice of the assignment, he should be protected from further liability.

An attorney has no right to receive anything but money in satisfaction of a demand placed in his hands for collection, unless especially authorized to do so by his client.

In Equity.    *Appeal from Des Moines District Court.*

*Grimes* and *Starr*, for the appellants.

*David Rorer*, for the appellee.

*Opinion by* GREENE, J.    On the 4th of June, 1841, a judgment was rendered against James W. Nealey in favor of Morton M. McCarver, for the sum of $155 47.    On the same day an assignment of it, purporting to be for value received, was made upon the margin of the judgment to Ira Todd and Sons. It appears that Joseph D. Learned, Esq., was the plaintiff's attorney of record.    He caused execution to be issued, and thereupon entered into an arrangement with Nealey, by which he, as attorney, gave him a receipt in full discharge of the judgment.    Subsequently Todd and Sons, the judgment assignees, procured the issue of another execution, which was enjoined by the proceeding now before us, upon the complaint of *Nealey* v. *McCarver and Todd & Sons*.    Upon a full hearing in the district court the injunction was decreed perpetual, and an appeal thereon taken to this court.

A preliminary question arises on the motion of complainants' counsel, to exclu le such portions of J. D. Learned's deposition as are not responsive to the interrogatories.    The necessity of

McCarver v. Nealey.

having the answers responsive to the interrogatories is too well established to admit of the slightest doubt. We would not require a technical adherence to this rule; but it certainly should be substantially followed. The words, " by the direction of McCarver," in answer to the second interrogatory, which inquires merely as to his knowledge of the judgment, were properly excluded by the court below under this rule; and so also was that portion of the answer to the third cross-interrogatory, in which it is asked, if Nealey did not pay as required by deponent, and if he had not a writ of *fi. fa.* against him; to which he answered, that he was authorized to receive the amount of the judgment and apply it to his own use. It is clear that this answer is substantially irresponsive.

It is contended that Learned's authority as attorney of record ceased on the rendition of the judgment; and that he had no right to receive the pay or give a receipt in satisfaction. The practice of Kentucky is referred to in support of this position. It has been the recognized custom, since our first territorial organization, for attorneys to control demands placed in their hands till finally collected. This custom was recognized by an early statute, which conferred the exclusive authority upon the attorney of record for the judgment claimant to enter satisfaction. On obtaining a demand from a client, it is usually specified in the receipt given by the attorney that the demand is taken for collection. This rule has been so generally recognized and adopted in Iowa, that to reverse it might work great injustice to parties. But it is alleged that, even if he should be regarded as the attorney of McCarver after the rendition of judgment, his authority as such was not transferred to Todd and Sons after the assignment, unless recognized by them; and that, therefore, the payment of 'the judgment to him was unauthorized, and should not release Nealey. This conclusion we should recognize as correct, if it appeared that Nealey had received notice of the judgment assignment. Without notice, he should be protected as an innocent party to the transaction.

The testimony of J. W. Nealey, in reply to defendants'

interrogatories, discloses that Learned received in payment from him a demand against himself for about fifty dollars, an order on one Russell for an unknown amount, which was paid, and the balance in money.

The principle is not controverted that an attorney has no right to receive anything but money in satisfaction of a demand placed in his hands for collection, unless especially authorized to do so by his client. And it is equally well settled, that if he applies such a claim in payment of his own debts, his client is not bound thereby, and may still proceed against the defendant. *Gullet* v. *Lewis*, 3 Stew. 23 ; *Cost* v. *Genette*, 1 Porter, 212, 34 ; *Craig* v. *Ely*, 5 Stew. and Porter, 354 ; *Tankersley* v. *Anderson*, 4 Desaus. 45 ; *Smock* v. *Dade*, 5 Rand. 639 ; *Langdon* v. *Potter*, 13 Mass. 320.

We find it difficult to ascertain the precise amount that Learned, as attorney, received in money on the payment of the judgment. His deposition states that it was settled by setting off a demand which Nealey had against him. From the responsive answer of Nealey, to which, from the state of the testimony before us, we give particular credence, it is rendered quite certain that all but about fifty dollars was paid in money. The order on Russell for cash of Nealey's was paid, and should be regarded as so much money in the hands of Learned.

It is therefore our opinion, that Ira Todd and Sons are entitled to recover from James W. Nealey, on the execution, the sum of fifty dollars, and that the injunction be so far dissolved as to enable the recovery thereof, and rendered perpetual as to the balance of said judgment and execution.

The decree of the district court, declaring the injunction perpetual, will be changed in conformity with this opinion.