## EDMONDS, Assignee *v.* MONTGOMERY & SHAW.

In an action on a judgment rendered in another state, if the record shows that the defendant appeared by attorney, it is sufficient, without disclosing the name of the attorney who thus appeared for defendant.

Where the record shows that the plaintiff's attorney produced a power of attorney to confess a judgment, and that its execution by defendants, was duly proven to the satisfaction of the court, the further entry, that another attorney, after such proof, appeared and waived errors, and confessed judgment, we can but regard more as a matter of form than as going to the substance, so far as relates to an examination of the judgment in our courts.

If the judgment of a sister state is simply erroneous, and not void, it will be valid here upon its face.

A judgment may be assigned, so that the assignee can sue thereon in his own name.

Edmonds v. Montgomery & Shaw.

When a judgment is assigned, the assignee becomes the party in interest; and, under our Code, the suit must be brought in the name of the real party interested.

Under the act of January 24, 1853, which provides that in all actions, then or thereafter to be instituted in our courts, upon any note, bill, bond, or other evidence of debt or liability, it shall not be necessary to prove the execution or assignment of the same, unless such execution or assignment is specifically denied by the defendant, under oath, it was not necessary for the plaintiff to prove the assignment of the judgment, until it was denied by the defendant, under oath.

*Appeal from the Polk District Court.*

THIS suit was determined at the March term, 1855, of the Polk District Court. The plaintiff declared upon a judgment rendered in the Circuit Court of Shelby county, Indiana, in the year 1842, against said Montgomery & Shaw, in favor of Joseph J. Boone, and which judgment, he avers, was assigned to him by one Kinsley, the administrator of said Boone, on the 9th day of November, 1850. The judgment declared on, in substance, recites that at the March term, 1842, of the said Shelby Circuit Court, the said plaintiff (Boone) appeared by Mayhew, his attorney, and filed his declaration against the said defendants, and also a power of attorney executed by said defendants, which was duly proven to be so executed by said defendants before, and to the satisfaction of said court, by a competent witness, for the uses and purposes expressed; and that, thereupon, came the said defendants, by —— ——, an attorney at law of said court, and, by virtue of said power of attorney, waived error for want of writ and service, and confessed that they could not deny the plaintiff's action, with other averments in the usual form, closing with a judgment against defendants, in favor of Boone, under and by virtue of said power of attorney. To this petition, defendant Montgomery answered, in which he denies: 1. His indebtedness; 2. That he executed any power of attorney authorizing any attorney to confess such judgment; 3. The assignment of said judgment to Edmonds; 4. That it is his property; 5. That Kinsley had been appointed administrator of said

Boone's estate, or his authority to assign said judgment; and, also, avers that said Boone had not departed this life. This answer was not sworn to. To this answer, the plaintiff replied, reaffirming the allegations of the petition, and denying the averments of the answer. The only evidence introduced on the trial, by the plaintiff, was the transcript sued on. None was offered by the defendant, to sustain his answer. A jury was impanneled to try the issues, to whom the court, at the request of the defendant, gave the following instructions:

" 1. That it was necessary, when a judgment by confession is sued on, that the name of the person authorized to appear and confess judgment, should appear in the record.

" 2. That before the plaintiff can recover in this action, he must show, by the record sued upon, that the defendants were served with process, or that they appeared in person, or by some attorney named as such in said record.

" 3. That in order to entitle the plaintiff to recover, he must prove to the jury the assignment of said record to the plaintiff."

The plaintiff asked for the following instruction: " That it was not necessary for the plaintiff to prove the assignment of the judgment in this cause to plaintiff, because the assignment was not denied under oath," which was refused. To the giving, and refusal to give, these instructions, the plaintiff excepted. The jury returned a verdict for defendants. A motion was made by the plaintiff for a new trial, alleging that the court erred in its instructions to the jury, and that the verdict was against the law and evidence, which motion was overruled, and judgment rendered against plaintiff for costs. The plaintiff appeals, and in this court assigns as error the giving the above instructions, and the refusal to grant a new trial.

*J. E. Jewett*, for appellant.

*Bates & Finch*, for appellee.

WRIGHT, C. J.—The first and second instructions we will consider together, as they in substance contain the same proposition. That proposition is, that plaintiff could not recover on the proof made, because the name of the attorney confessing the judgment did not appear on the record. No sufficient reason or authority has been urged at law, for this ruling; neither, indeed, do we think there can be.

It will be observed that no objection is taken, that the court had not jurisdiction of the subject matter. It is not claimed that defendants were not brought into court by the ordinary service of summons or notice. These instructions do not deny but that defendants might appear by attorney and confess judgment, and a judgment so rendered, upon such confession, would be regular. But because the name of the attorney does not appear in the record, therefore, the judgment cannot be collected here. It must be concluded that the appearance of the defendants amounts to the same, whether in person or by attorney. This record does show that defendants appeared by attorney. There is no evidence to contradict the fact, and the record must therefore be taken as true. See *Shumway* v. *Stillman*, 6 Wend. 447; *Patterson* v. *The State of Indiana*, 2 G. Greene, 492. The reasoning used in the latter case, is entirely applicable to the case at bar. See also *Fields* v. *Gibbs*, 1 Pet. C. C. 155; *Hall* v. *Williams*, 6 Pick. 232; *Hoxie* v. *Wright*, 2 Vermont, 263.

So far as the question is concerned at this time in this court (however it may be in an appellate court of Indiana), we regard it immaterial whether any attorney, other than Mayhew, appeared. It is shown that he produced the power of attorney, and that its execution by the defendants, was duly proven by competent evidence, to the satisfaction of the court. The further entry, that another attorney, after such proof, appeared and waived errors and confessed judgment, we cannot but regard more a matter of form, than as going to the substance, so far as relates to the examination of it in our courts. For it must be borne in mind, that if the judgment was simply erroneous, and not void, it would

be valid here upon its face. But suppose this record had said that said defendants appeared by attorney, without pretending to set forth his name, would not the judgment unimpeached, be valid here? We can see no reason why it would not. Says the court in the case of *Shumway* v. *Stillman*, above cited, that if the record of the judgment states the fact, that defendant did appear by attorney, that is sufficient evidence of the fact, until contradicted, and that, of course, by proof. To allow parties to avoid judgments rendered in other states, for such technical and unfounded reasons, would be to entirely destroy the faith and credit due to judicial proceedings, and leave nothing to intendment or presumption, but require proof of that which all our courts concede to be *prima facie* true, if not conclusive.

Next as to the proof of the assignment. And here the first question that arises, is, can a judgment be assigned, so that the assignee thereof can sue thereon in his own name? We hold he can. When assigned, he is the party in interest, and under our Code, the suit must be brought by the real party in interest. Section 1676. To hold otherwise, would be to allow a suit to be prosecuted in the name of a party not having an interest in the subject matter, which is not permissible by the spirit or the letter of our law. The assignee, of course, takes it subject to any defences which the judgment debtor may have against it. In this view, and this right being so protected, the defendant cannot object; and we see no reason in principle, why such assignee is not the proper person to prosecute the suit in his own name. See upon this subject, the cases of *Ford* v. *Stuart*, 19 Johns. 342, and *Bridge* v. *Johnson*, 5 Wend. 342.

Then, should this assignment have been proved, not having been denied under oath. By an act, approved January 24, 1853 (Laws of 1853, 187), it is provided, that in all actions then or thereafter to be instituted in our courts, upon any note, bill, bond, or other evidence of debt or liability, it shall not be necessary to prove the execution or assignment of the same, unless such execution or assignment is specifically denied by defendant under oath. We think this statute is decisive

upon this question. This judgment may be said to be both an " evidence of debt," and a " liability," and as such it was not necessary to prove the assignment thereof, until denied under oath. This assignment was not denied under oath, and therefore the court below erred in giving the third instruction asked by defendant, and refusing the instruction asked by plaintiff. We do not, of course, mean that it was not necessary that the assignment should appear on the transcript or record, but what is meant, is, that if there was what purported to be an assignment, no proof was necessary to show its execution, until the same was denied under oath.

Judgment reversed.