## W. W. CROOK ET AL. v. J. C. LIPSCOMB ET AL

Decided December 5, 1902.

**1.—Sureties—Appeal Bond—Release of Principal.**

Sureties on an appeal bond from a judgment of the justice court against several defendants are released where the plaintiff, who obtained judgment in the county court against all parties on the appeal bond, made a private agreement with a part of such defendants in effect releasing them from all liability on the judgment he should so obtain in the county court.

**2.—Same—Consideration for Release—Forbearing to Defend Suit.**

An agreement on the part of the defendants so released not to defend the suit in the county court, but to assist plaintiff in obtaining judgment against the other defendants, constituted a sufficient consideration for plaintiff's agreement not to levy execution on their property by virtue of the judgment to be obtained against them in the county court.

**3.—Same—Injunction.**

The right of the sureties to enjoin a sale of their property to satisfy the county court judgment because of such release of part of the principals could not be denied on the ground of adequate remedy at law where they did not know of such release until too late to appeal the case, and the amount in controversy was also less than $100.

**4.—Same—Injunction Denied—No Levy.**

The principals as to whom the agreement of release was made were not entitled to have an injunction, along with the sureties, enjoining the enforcement of the judgment against themselves where there had been no levy of execution except on property of the sureties, and there was no averment that the plaintiff was threatening to enforce the judgment against the released principals.

Appeal from the County Court of Waller County. Tried below before Hon. John M. Pinckney.

*Tompkins, McDade & Harvey,* for appellants.

*W. J. Poole* and *A. J. Harvey,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit for injunction brought by the appellants, W. W. Crook, Sam Farquhar, A. G. Lipscomb, Sam J. Styles, and Frank Lipscomb, against the appellees, J. C. Lipscomb, A. D. Goss, and R. R. Urban, the said J. C. Lipscomb being the sheriff and the said Goss a deputy sheriff of Waller County.

The petition alleges that the appellee R. R. Urban on the 30th day of September, 1901, obtained a judgment in the justice court of precinct No. 1 of Waller County against T. E. Suttles, H. A. Thompson, and the appellants, A. G. Lipscomb, Sam J. Styles, and Frank Lipscomb, for the sum of $51.70 upon a joint note executed by the five parties last named in favor of J. D. Harvey, and by said Harvey transferred to appellee Urban; that the said H. A. Thompson, A. G. Lipscomb, Sam J. Styles, and Frank Lipscomb appealed from said judgment to the County Court of Waller County by filing with said justice an appeal bond executed by said parties as principals, with the appellants

W. W. Crook and Sam Farquhar as sureties, and conditioned as required by the statute.

"That thereafter, to wit, on the 5th day of November, A. D. 1901, while said cause was pending in said County Court of Waller County, Texas, same being numbered 635 on the docket of said court, and before judgment had been rendered therein in said court, and for a valuable consideration, to wit, in consideration of a promise and agreement by said A. G. Lipscomb and Frank Lipscomb and Sam J. Styles, made to and with said R. R. Urban, that the said A. G. Lipscomb, Frank Lipscomb, and Sam J. Styles would not make an active defense in said cause in the county court, and thereby withdraw their influence therefrom, and that said A. G. Lipscomb, who is an attorney at law and attorney in said cause for himself and Frank Lipscomb and Sam J. Styles, would not appear in the case as attorney, or render any assistance to J. D. Harvey, Esq., who was employed by said H. A. Thompson to defend said cause in the county court for said parties, in conducting and trying said cause, or inform the said J. D. Harvey, Esq., attorney in said cause as aforesaid, of such agreement and release before the conclusion of the trial of said cause, and that the said A. G. Lipscomb would disclose to said Urban all facts and circumstances within his knowledge that would aid him, the said Urban, in the prosecution of his said suit (all of which said agreement and promises were duly fulfilled), the said R. R. Urban, without the knowledge or consent of said W. W. Crook and Sam Faquhar, said Urban then and there knowing that said Crook and Farquhar were sureties on said appeal bond, made, executed, and delivered an instrument in writing to said A. G. Lipscomb, Frank Lipscomb and Sam J. Styles, in words and figures as follows, to wit:

" 'The State of Texas, County of Waller. Know all men by these presents that I, R. R. Urban, plaintiff in cause No. 635, now pending in the County Court of Waller County, Texas, for value received, have and do by these presents release A. G. Lipscomb, Frank Lipscomb and Sam J. Styles from all liability on a note in said suit executed on the 16th day of January, 1900, and due the 1st day of November, 1900. And I further release them from the judgment that may be rendered in said cause against them. And I further agree that no execution shall ever be levied upon the property of either one of said three parties in above said cause. November 4, 1901. R. R. Urban.'

"Wherein and whereby said R. R. Urban, being then and there the plaintiff in said cause, and being then and there the owner and holder of said promissory note sued on in said cause, unconditionally, absolutely, unqualifiedly, and expressly released said A. G. Lipscomb, Frank Lipscomb, and Sam J. Styles from all liability upon said note sued upon in said cause, and from all liability upon the judgment that was thereafter rendered against said last named parties in said cause and hereinafter mentioned, and the said R. R. Urban therein and thereby further agreed and became bound not to levy or cause to be levied

any execution upon the property of either A. G. Lipscomb, Frank Lipscomb, or Sam J. Styles in said cause.

"That afterwards, to wit, on the 6th day of November, 1901, judgment was rendered in said cause on said promissory note in said county court in favor of R. R. Urban against T. E. Suttles, H. A. Thompson, A. G. Lipscomb, Sam J. Styles, and Frank Lipscomb as principals, and against W. W. Crook and Sam Farquhar as sureties upon said appeal bond of H. A. Thompson, A. G. Lipscomb, Sam J. Styles, and Frank Lipscomb for the sum of $51.70, together with interest thereon from date of said judgment at the rate of 10 per cent per annum and together with all costs of suit, and it was further therein adjudged that plaintiff R. R. Urban take nothing as to J. D. Harvey, and that he go hence without day.

"That plaintiffs W. W. Crook and Sam Farquhar, through no fault of their own, had no knowledge or notice of the release by said R. R. Urban of said A. G. Lipscomb, Sam J. Styles and Frank Lipscomb, as above set forth, until long after the judgment last above mentioned had been rendered, and long after said H. A. Thompson had become insolvent, as hereinafter alleged, and long after they were precluded by lapse of time from making a motion for new trial in said cause. And the amount in controversy in said suit, exclusive of interest and cost, was less than $100.

"That the appeal bond above described and upon which judgment was rendered as last above mentioned against said W. W. Crook and Sam Farquhar as sureties thereon, was signed and executed by said W. W. Crook and Sam Farquhar, as sureties thereon, solely by reason of the fact that A. G. Lipscomb, Sam J. Styles, and Frank Lipscomb were joint principals therein, and that said W. W. Crook and Sam Farquhar would not have executed or signed said bond as sureties or otherwise, if said H. A. Thompson had been sole principal therein; and it was at the special instance and request of said A. G. Lipscomb that said Crook and Farquhar signed said appeal bond as sureties.

"That at the time of the execution and delivery of the release to A. G. Lipscomb, Frank Lipscomb, and Sam J. Styles by R. R. Urban, as above set forth, and at the time the judgment was rendered by said county court in said suit as above mentioned and for a long time thereafter, to wit, until about the 16th day of November, 1901, said H. A. Thompson had owned and possessed property subject to execution and upon which said R. R. Urban could have caused to be levied an execution to have satisfied his said judgment, to wit, a large stock of goods, wares, and merchandise and other property in this State in value far in excess of the amount of said judgment, interest and costs. But that on or about the day and date last aforesaid, said H. A. Thompson became insolvent, and he does not now own, nor has he since said date owned, any property whatever subject to execution or forced sale under the law.

"Plaintiffs aver that by reason of the premises they and each of

them are, and were when same was rendered, released and discharged from all liability on said judgment, of date November 6, 1901, and that they can not be held liable for any part thereof.

"Plaintiffs allege that heretofore, to wit, on the 29th day of November, 1901, defendant R. R. Urban caused to be issued by the clerk of the County Court of Waller County, Texas, a writ of execution on said judgment in said cause rendered by said County Court on November 6, 1901, as hereinbefore set forth, wherein the sheriff or any constable of Waller County, Texas, is directed and commanded that of the goods and chattels, lands and tenements of said T. E. Suttles, A. G. Lipscomb, H. A. Thompson, Frank Lipscomb, Sam J. Styles, W. W. Crook, and Sam Farquhar, he cause to be made said sum of $51.70, with 10 per cent interest thereon from November 6, 1901, together with the sum of $47.95 costs of suit, and also the further costs of executing said writ. Which said writ of execution was on the 30th day of November, 1901, at the instance of said R. R. Urban levied by J. C. Lipscomb, sheriff aforesaid, by and through his deputy, A. D. Goss, upon the following lands and premises, the property of said W. W. Crook, and same has been duly advertised for sale under said execution by said officer on the first Tuesday in January, 1902, same being the 7th day of said month, to wit: * * * (Here is given description of the land by metes and bounds.)

"Plaintiff W. W. Crook avers that he was at the time of the issuance and levy of said execution, and he is now, lawfully seized in fee simple of said tract of land, and has and had actual possession thereof using, cultivating and enjoying the same as his own, and has and had right of possession thereof, and that unless restrained said J. C. Lipscomb, sheriff as aforesaid, acting by and through his said deputy, and acting under and by the instructions of said R. R. Urban, will sell said land under and by virtue of said judgment, execution and levy, and that such sale, if made, will operate as a cloud upon said plaintiff's title thereto and will jeopardize his possession and enjoyment thereof, and said plaintiff has no adequate remedy at law to prevent same or to remove such cloud, if such sale is permitted to be made.

"Plaintiff W. W. Crook further avers that the officer that made such levy did not, prior to such levy, call upon him to point out personal property to be levied upon, or give him an opportunity to point out property of his principals, A. G. Lipscomb, H. A. Thompson, Frank Lipscomb, and Sam J. Styles. That said A. G. Lipscomb at the time of such levy, had and owned personal property subject to execution, to wit, twenty bales of cotton in the city of Hempstead, Waller County, Texas, in value more than sufficient to satisfy such execution, which he would-have designated and fully intended to designate to said officer to be levied upon. And the said Frank Lipscomb, at the time of said levy, had and owned personal property subject to execution in the city of Hempstead, Waller County, Texas, to wit, forty head of cattle, in value more than sufficient to satisfy such execution, and real estate

subject to execution to wit, lots Nos. 5, 6 and 7 in block No. 322, in the city of Hempstead, Waller County, Texas, which is in value more than sufficient to satisfy such execution, and plaintiff W. W. Crook, had he been granted an opportunity, would have pointed out such property to be levied upon. And that said A. G. Lipscomb and Frank Lipscomb still have and own such property.

"All of the plaintiffs herein aver that they are released and discharged from said judgment of November 6, 1901, and said execution and levy thereunder is unlawful, and that said judgment and execution is a menace to their property rights, and unless defendants are enjoined from attempting to enforce same they, plaintiffs, will suffer great and irreparable injury.

"That all the facts showing that such judgment is satisfied as to plaintiffs and rendering such execution and levy thereof unlawful, are dehors the record, and plaintiffs have no adequate remedy at law to prevent or obtain redress for said threatened injury occasioned by the attempted collection of said judgment and the enforcement of such execution."

The prayer was for writ of injunction forever restraining the defendants from in any manner enforcing or attempting to enforce the collection of said judgment of the County Court of Waller County against the plaintiffs, and restraining any further proceedings under the levy of said writ of execution made on the 30th day of November, 1901.

To this petition the appellees, defendants in the court below, excepted on the grounds that it failed to show any equity entitling plaintiffs to the relief sought, and that the allegations of said petition show that the plaintiffs had a full and adequate remedy at law, and having negligently failed to present their alleged defense at the proper time, they have no standing in a court of equity.

These exceptions were sustained by the trial court, and plaintiffs declining to amend, their suit was dismissed, and the temporary injunction theretofore granted dissolved on motion of appellees.

We are of opinion that the facts alleged in the petition entitled the appellants Crook and Farquhar to relief, and the court below erred in sustaining the exceptions and dismissing the suit as to them. That any material change of the terms of a written contract, made without the consent of the sureties, will release the sureties upon such contract, is too well settled to require the citation of authority. This principle of the law is applicable to appeal and writ of error bonds. Pilgrim v. Dykes, 24 Texas, 384.

By the instrument of date November 4, 1901, set out in plaintiffs' petition, the appellee Urban expressly released the appellants A. G. Lipscomb, Sam J. Styles, and Frank Lipscomb from all liability on the judgment obtained against them and H. A. Thompson and T. E. Suttles in the county court, for the payment of which the appellants Crook and Farquhar were liable only as sureties, and this release of these principals operated as a release of the sureties, because it was a

material change in the contract of suretyship made without their consent or knowledge. This instrument was not void for want of consideration. It recites that it was executed for a valuable consideration, and the allegations of the petition show a sufficient consideration. A promise to do or not to do a lawful act is a sufficient consideration to support a contract, and it is immaterial whether the performance or the forbearance be a benefit or a detriment to the promise. Am. and Eng. Enc. of Law, 2 ed., pp. 704-737, 744; Bates v. Bank, 11 Texas Civ. App., 73, 32 S. W. Rep., 339.

The release on its face shows that the parties thereto contemplated and intended that judgment should be rendered against all the appellants, and the allegations of the petition are that a part of the consideration for the release was the agreement on the part of appellants A. G. Lipscomb, Sam J. Styles, and Frank Lipscomb to make no defense to the suit in the county court, and that the appellants Crook and Farquhar had no knowledge of the existence of said release until long after the adjournment of the term of the court at which the judgment was rendered. From these allegations it is clear that appellants had no remedy at law which they negligently failed to pursue, and the exception to the petition on that ground should not have been sustained. It is, we think, equally clear that under the terms of the release and the allegations of the petition the appellants A. G. Lipscomb, Sam J. Styles, and Frank Lipscomb are not entitled to maintain this suit against the appellees, because no execution has been levied upon their property, nor is there any allegation that appellee Urban is threatening to or intends to enforce said judgment against them. As before said, the agreement contemplates that a judgment should be taken against said appellants and that execution might issue thereon, the promise of appellee Urban only being that no execution shall be levied under said judgment upon the property of said appellants.

We are of opinion that the judgment of the court below should be affirmed as to said A. G. Lipscomb, Sam J. Styles, and Frank Lipscomb, and reversed and rendered as to the appellants Crook and Farquhar, perpetuating the injunction, and it is so ordered.

*Affirmed in part; reversed and rendered in part.*