ENOCH WARMAN, Appellee, v. HAT CREEK RANCH COMPANY
et al., Appellants.

**APPEAL AND ERROR:** Appeal Bond—Release of Principal, etc.—Effect. The obligee in a joint appeal bond is not entitled to judgment on the bond when, pending the appeal, and without notice to or knowledge of the surety, he (1) releases some of the principals in the bond, (2) extends the time of payment of the judgment, and (3) accepts in part the obligation of a new party as part payment of the judgment.

Headnote 1:   4 C. J. p. 1281; 32 Cyc. p. 155.

*Appeal from Polk District Court.*—J. C. HUME, Judge.

MARCH 9, 1926.

PETITION FOR REHEARING STRICKEN JUNE 21, 1926.

Original application in this court for judgment against a surety upon appeal bond. The facts appear in the opinion.—
*Order denied.*

*Miller, Kelly, Shuttleworth & McManus,* for John Huglin, surety.

*Francis L. Meredith,* for appellee.

FAVILLE, J.—On or about October 12, 1921, the plaintiff, Warman, obtained judgment in the district court of Iowa in and for Polk County, against the defendants Hat Creek Ranch Company, Frank R. Stehm, A. F. Daughenbaugh, and Oren Ruffcorn, jointly, in the sum of approximately $9,000. The defendants prosecute a joint appeal from said judgment to this court. Two separate appeal bonds were filed: one in which the defendant Daughenbaugh was principal, and the American Surety Company was surety, the other one in which the defendants Hat Creek Ranch Company, Frank R. Stehm, and Oren Ruffcorn were principals, and John Huglin and H. S. Dreisslien were sureties. Said appeal bonds bound the principal and sureties

therein to satisfy or perform the judgment appealed from in case it should be affirmed. While said appeal was pending in this court, a stipulation of settlement of said action was had between all of the parties thereto, and by the terms and provisions of said settlement it was agreed that the said judgment should be compromised and settled in full by the payment of $4,000. Of said sum, $2,000 was to be paid in cash by the defendant Daughenbaugh, and the stipulation provided that, in consideration of the payment of said sum, the said Daughenbaugh was released of all personal liability under said judgment, and full satisfaction thereof as to said Daughenbaugh was acknowledged. As to the remaining $2,000, it was agreed that the same was to be paid by the defendant Oren Ruffcorn and one Max Ruffcorn. $500 was paid in cash by the said Max Ruffcorn, and the stipulation provided that $600 should be evidenced by six promissory notes executed by the said Max Ruffcorn, payable $100 each month for six months, and the balance, of $900, was agreed to be paid by the defendant Oren Ruffcorn, on or before six months after the execution of said stipulation. It was also stipulated that, in case of default in payment of any of the deferred payments represented by the notes, the entire amount due and owed thereon would become due and payable, and suit might be instituted in any court of competent jurisdiction for said amount. It was further stipulated that, in the event the $900 provided for was not paid within a certain time, the plaintiff, at his option, might have judgment in this court in the sum of $1,250, which amount, by the stipulation, was agreed upon as a compromise settlement. The stipulation provides that notice shall be served upon Oren Ruffcorn or his attorney before the taking of judgment in this court, and the stipulation is "acknowledged to be a confession of and an affirmance of the judgment in the court below for said amount, * * * and said judgment shall be and is hereby acknowledged to be the original judgment with affirmance thereof in the Supreme Court, with the same force and effect as the original judgment, save and except as herein modified and reduced."

Daughenbaugh paid the $2,000 as stipulated, and a new party, one Max Ruffcorn, executed the notes aggregating $600, as provided by the stipulation. The sum of $900 which Oren

Ruffcorn was to pay under the stipulation on or before six months was not paid.

Thereafter, and in accordance with the stipulation, after notice to Oren Ruffcorn, judgment was entered in this court against the said Oren Ruffcorn in the said sum of $1,250, with interest and costs.

This application is for entry of judgment in this court against Huglin, as surety on the appeal bond, for the amount of the judgment so entered against Oren Ruffcorn.

Section 12872, Code of 1924, is as follows:

"The Supreme Court, if it affirms the judgment, shall also, if the appellee asks or moves therefor, render judgment against the appellant and his sureties on the appeal bond for the amount of the judgment, damages, and costs referred to therein in case such damages can be accurately known to the court without an issue and trial."

The stipulation of settlement and the acceptance of payment thereunder, and the taking of judgment in this court against the defendant Oren Ruffcorn, operated as a complete release of the two defendants Hat Creek Ranch Company and Frank R. Stehm from all liability upon the appeal bond and upon the original judgment. The appeal bond under consideration was executed by the Hat Creek Ranch Company, Frank R. Stehm, and Oren Ruffcorn, as principals, and by Huglin and Dreisslien as sureties. Under the terms of the stipulation, the judgment appealed from has been satisfied in full, in so far as two of the principals on said appeal bond are concerned, the Hat Creek Ranch Company and Frank R. Stehm. The plaintiff has settled with and released the codefendant Daughenbaugh, who gave a separate appeal bond. He has accepted the obligation of a third party, to wit, Max Ruffcorn, for a portion of the original judgment, and he has stipulated and agreed that the remaining portion of the original judgment shall be satisfied by the entry of a judgment in this court for $1,250 against the defendant Oren Ruffcorn, which judgment he has procured to be so entered.

The plaintiff has by this proceeding entirely released from all liability, on the appeal bond or otherwise, the two principals on said appeal bond, the Hat Creek Ranch Company and Frank R. Stehm, and has elected to accept in full satisfaction and set-

tlement of said judgment the amounts heretofore paid, and a new judgment entered in this court against Oren Ruffcorn alone. He extended the time of payment of the amount due on the judgment, accepted the obligations of a new party as part payment on the same, and elected, after a long delay, to take a new judgment against one of the judgment debtors for a stipulated sum in settlement of the balance due. The surety was not a party to any of these proceedings, and had no notice thereof.

Under these circumstances, it must be held that the surety on the appeal bond of the three defendants Hat Creek Ranch Company, Frank R. Stehm, and Oren Ruffcorn, was released from liability on said bond. The bond was a joint obligation of three principals. The obligee in the bond has seen fit to discharge two of the principals from the said bond and release them from liability on the judgment appealed from, and to accept other and different security in satisfaction of their obligation under the judgment, without the consent of the surety.

The general rule is that a release of one of several persons jointly bound as principals releases the surety on their bond. *Malanaphy v. Fuller & Johnson Mfg. Co.*, 125 Iowa 719; *Crook v. Lipscomb*, 30 Tex. Civ. App. 567 (70 S. W. 993); *Prior v. Kiso*, 81 Mo. 241; *Harris v. Taylor*, 3 Sneed (Tenn.) 536 (67 Am. Dec. 576); *Friendly v. National Surety Co.*, 46 Wash. 71 (89 Pac. 177); *Dupee v. Blake*, 148 Ill. 453 (35 N. E. 867). See, also, *Standard Oil Co. v. Arnestad*, 6 N. D. 255 (69 N. W. 197).

The motion for judgment in behalf of the plaintiff and against the said Huglin is, therefore, overruled, and the order prayed for is—*Denied.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.