Donald E. **BROYLES**, Appellee,

v.

**IOWA DEPARTMENT OF SOCIAL SERVICES**, Appellant.

No. 65337.

Supreme Court of Iowa.

May 13, 1981.

Thomas J. Miller, Atty. Gen., and John R. Martin, Asst. Atty. Gen., Davenport, for appellant.

Realff H. Ottesen, Davenport, for appellee.

Considered by LeGRAND, P. J., and McCORMICK, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

SCHULTZ, Justice.

The Iowa Department of Social Services, as assignee of support payments provided for in a support order rendered against Donald E. Broyles, appeals from a decision of the Scott County District Court holding that the judgment debtor, Donald, is not obligated to the Department for past-due support payments. We hold the trial court erred and reverse and remand.

Pursuant to a 1974 dissolution of marriage decree, Donald was ordered to pay $25 child support per week to Michelle L. Broyles through the office of the Scott County Clerk of Court. On May 4, 1976, as a condition of receiving welfare assistance, Michelle assigned her rights to child-support payments to the Department. The assignment, which was filed with the clerk of court in the dissolution file, provided:

I, the undersigned recipient, do hereby assign all my right, title and interest to all support payments (accrued, current or future) provided for in the support order herein unto the Iowa Department of Social Services, and I understand that this assignment includes my interest in all support payments which come due during the period of my receiving assistance, whether paid before or after termination of assistance.

At the time of the assignment Donald was delinquent on his support payments in the sum of $450.

On September 27, 1977, a notification of partial termination of assignment was filed with the clerk of court, to be effective on September 30, the date Michelle ceased to receive assistance from the Department. At that time Donald was delinquent on his support obligation in the amount of $1200. The notification of termination of assignment authorized the clerk of court to pay current support payments to Michelle, but expressly stated that any payments toward the delinquency were to be paid directly to the Department.

Between September 30, 1977, and November 30, 1978, Donald paid over $1200 in child support, which the clerk of court paid to Michelle as current child-support payments. In December 1978 Michelle executed a "Release of Child Support Judgment" acknowledging "as fully paid, satisfied and released child support judgment entered in this matter on the second day of August 9, 1974, up through and including the first day of December A.D., 1978." In a written pretrial stipulation, however, the parties stipulated that any release executed by Michelle purporting to release delinquencies owed to the Department was null and void.

On March 16, 1979, Donald brought a declaratory judgment action against the Department requesting the trial court to declare judgment that he was not liable to the Department for any of the $1200 delinquency. The case was submitted to the court on a written pretrial stipulation of the facts.

In his petition Donald contended that his child-support payments subsequent to the termination of the assignment applied to the oldest installments due, and he had thus paid in full the $1200 delinquency claimed by the Department. He also alleged that Michelle had executed a release of all support payments due to her through December 1, 1978.

The trial court held that Donald is not obligated to the Department in any amount for past-due child support. The court mentioned but did not rely on the release, stating:

Consequently, when the judgment debtor, the plaintiff in this case, made his payment of October 27, 1978, he had paid in

full the principal amount of the delinquent support payments on September 30, 1977, of $1200 being the entire sum asked for by the defendant in this case. Thus, the trial court limited the assignment to those installments that fell due while the assignment was in 'effect. It concluded that these installments were subsequently paid, and Broyles owed no obligation to the Department.

Before analyzing the correctness of the trial court's determination, we find it necessary to examine the nature and validity of the assignment, interpret its meaning, and determine its effect on the parties.

■ I. *Validity of the assignment and its effect on Michelle.* An assignment is a transfer to another of the whole of any property or right therein. 6A C.J.S. *Assignments* § 2 (1975). As a welfare recipient, Michelle was required by statute to assign her rights to all support payments provided for in the dissolution decree:

> Persons entitled to periodic support payments pursuant to an order or judgment entered in an action for dissolution of marriage, who are also welfare recipients, shall assign their rights to such payments to the department of social services. The clerk of court shall forward support payments ... to the department which shall have the right to secure support payments in default through proceedings provided for in chapter 252A or section 598.24.

§ 598.34, The Code, *as amended by* 1975 Sess., 66th G.A., ch. 151, § 12 (effective Aug. 15, 1975).

■ A court-ordered child-support judgment becomes a lien when payment is due. *See Slack v. Mullenix*, 245 Iowa 1180, 1184–85, 66 N.W.2d 99, 101–02 (1954); *Whittier v. Whittier*, 237 Iowa 655, 661, 23 N.W.2d 435, 440 (1946); § 598.22, The Code 1975. We have long recognized that a judgment may be assigned, *see Edmonds v. Montgomery*, 1 Iowa 143, 147 (1855), and this recognition extends to a future judgment, *see Weire v. City of Davenport*, 11 Iowa 49, 52–53 (1860). We conclude that Michelle was required to, and did in fact,

execute a valid assignment of the support payments due under the dissolution decree.

An assignment ordinarily carries with it all rights, remedies, and benefits of the thing assigned. *Kintzel v. Wheatland Mutual Insurance Association*, 203 N.W.2d 799, 806 (Iowa 1973); *Mutual Surety Co. v. Bailey*, 231 Iowa 1236, 1242, 3 N.W.2d 627, 630 (1942). The assignment was effective to transfer Michelle's rights in her support judgment to the Department; however, we must determine whether the assignment was limited to those payments that became due during the period of the assignment.

Donald, in his petition, maintained that the assignment and release thereof could only apply to any amounts that became due during the period of time Michelle was a recipient of welfare funds. The Department asserted in its answer that the assignment applied to payments accrued, current, and future, whether paid before or after termination of assistance. It claims further that the notification of termination of assignment clearly reserved to the Department any delinquencies that accrued pursuant to the assignment. Thus, the parties took differing positions as to the interpretation of the assignment and the notification of partial termination of assignment.

■ An assignment is a contract between the assignor and assignee. Rules of construction applicable to contracts thus apply to assignments. The basic rule in construing a written contract is that the intent of the parties controls. Iowa R.App.P. 14(f)(14). *See also* 6A C.J.S. *Assignments* § 43: "The creation and existence of an assignment is to be determined according to the intention of the parties and that intention is derived not only from the instruments executed by them, if any, but from the surrounding circumstances."

■ In construing an assignment, as in contract, when words are free from ambiguity, there is no occasion for interpretation. However, absent lucid and unambiguous language expressing the clear intent of the parties, it is the court's duty to give effect to the language of the entire con-

tract of assignment in accordance with commonly accepted and ordinary meaning. *See Kinney v. Capitol-Strauss, Inc.*, 207 N.W.2d 574, 576–77 (Iowa 1973); *Gendler Stone Products Co. v. Laub*, 179 N.W.2d 628, 630 (Iowa 1970).

Although the individual provisions of the assignment may be ambiguous, when read in its entirety the assignment clearly manifests the intent of the assignor and assignee. Michelle assigned to the Department her right to support payments that had accrued on April 27, 1976, the effective date of the assignment, and current and future support payments "which come due during the period of my assistance, whether paid before or after termination of my assistance."

We believe that the notification of partial termination to the clerk of court, although signed only by the Department, also evinces the understanding of the parties to the assignment. It was addressed to the Scott County Clerk of Court and stated:

Pursuant to Iowa law you are hereby notified that Assignment of Support payments previously entered herein is terminated effective on the 30th day of Sept., 1977.

YOU ARE FURTHER ADVISED THAT THE IOWA DEPARTMENT OF SOCIAL SERVICES, PURSUANT TO THE ASSIGNMENT PREVIOUSLY ENTERED, REMAINS ENTITLED TO ANY DELINQUENCY WHICH IS ACCRUED AS OF THE EFFECTIVE DATE OF THIS TERMINATION AND THE DEPARTMENT SPECIFICALLY RESERVES ITS RIGHTS TO SAID DELINQUENCY.

You are hereby authorized to pay current child support payments to the former recipient, Michelle Broyles, at the following address: 3006 Rockingham Rd. —Dav. HOWEVER, ANY PAYMENTS TOWARD THE AFOREMENTIONED DELINQUENCY SHALL BE PAID DIRECTLY TO THE DEPARTMENT.

The termination notice thus expressly states that pursuant to the previous assignment the Department remains entitled to the deficiency. It authorizes the clerk to pay current support payments to Michelle, but states that any payments toward the delinquency are to be paid directly to the Department.

This method of treating current and delinquent support payments is consistent with 770 I.A.C. § 95.3 (1980) (effective Apr. 12, 1976), which provides:

The amounts collected as support from the absent parent shall be considered as the required support obligation for the month received. Any excess shall be treated as delinquent payments and shall be applied to the immediately preceding month, and then to the next immediately preceding month until all excess has been applied.

Since this administrative rule was promulgated pursuant to, and deals with child-support recovery collections by the Department under, chapter 252B, The Code, it does not appear to be directly applicable to the present case. However, it defines the manner in which the Department treats current and delinquent support payments, and it is grounded upon sound public policy. Unlike the method of allocation the trial court held to be applicable, it does not discourage or prevent welfare recipients from benefits until all delinquencies have been paid.

Because the intent of the parties controls the interpretation of the meaning of an assignment, the understanding between Michelle and the Department is determinative of the manner in which payments are to be applied. We believe that the assignment and notice of termination, when viewed in light of the statutory law and administrative rule governing the Department and the totality of the circumstances, clearly indicate that the understanding between Michelle and the Department was that Michelle was to receive current support payments and all amounts in excess thereof were to be paid to the Department and applied against the delinquency. The assignment was thus intended to be effective until the delinquency incurred during the period Michelle received welfare assistance was fully paid.

*II. The effect of the assignment on the judgment debtor.* In the valid assignment of a judgment the assignee assumes the rights, remedies, and benefits of the assignor. *Mutual Surety Co. v. Bailey,* 231 Iowa at 1242, 3 N.W.2d at 630; 49 C.J.S. *Judgments* § 527 (1947); 6A C.J.S. *Assignments* § 89. Notice of the assignment is not essential to the validity of the assignment. 6A C.J.S. *Assignments* § 64. However, a judgment debtor who, without notice of the assignment of a judgment, pays the assignor is an innocent party and is not liable to the assignee. *McCarver v. Nealey,* 1 Greene 360, 361–62 (Iowa 1848). Thus, if the debtor can show prejudice, lack of notice may constitute a defense in an action by an assignee. *Spoor v. Q. & C. Co.,* 162 F.2d 529, 532 (7th Cir. 1947); 6A C.J.S. *Assignments* § 115.

Under the assignment the Department acquired Michelle's rights and remedies against Donald, the judgment debtor. We have already construed the assignment to be effective until all delinquencies are paid. Therefore, Donald cannot claim that the payments he made subsequent to the termination of assignment satisfied the delinquency claimed by the Department.

Although there is no evidence in the record when Donald received notice of the assignment, it is obvious that he had notice prior to filing suit. In any event, Donald has not shown that he was in any way prejudiced by lack of notice. He has not alleged or shown that he will be required to pay more support than was ordered in the dissolution decree. Although Donald did allege release and satisfaction by Michelle, he has failed to prove a valid release.

Ordinarily, the custodial parent may release or compromise a claim for past-due child-support payments, and such action constitutes a defense to enforcement proceedings. 27B C.J.S. *Divorce* § 321(5), at 652 (1959). The release of a judgment, however, must be supported by valuable consideration. 49 C.J.S. *Judgments* § 565; *see Warman v. Hat Creek Ranch Co.,* 202 Iowa 198, 201, 207 N.W. 532, 533 (1926) (binding release exists when there is valid consideration); *Stoutenberg v. Huisman,* 93 Iowa 213, 216–17, 61 N.W. 917, 918 (1895) (partial payment must be accompanied by additional consideration). In *State ex rel. Hansen v. McKay,* 31 Or.App. 631, 571 P.2d 166 (1977), it was contended that a father who had paid only $10 child support had given valid consideration for the release of a $12,000 support judgment that had been assigned to the Public Welfare Division. There was no evidence that the father had received notice of the assignment. The Oregon Court of Appeals stated:

> Although the satisfaction executed by Hansen recited $10 consideration, in fact there was no present consideration for the satisfaction. The recital referred to $10 child support which respondent had previously paid. Since there was no payment by respondent, the gratuitous satisfaction had no effect on the rights of the assignee.

*Id.* at 637, 571 P.2d at 169.

The burden of proving that a judgment has been paid is on the judgment debtor. 49 C.J.S. *Judgments* § 559, at 1031. Donald has failed to meet his burden of proving that Michelle received valuable consideration in exchange for the release. The only evidence presented in the stipulation was that any release executed by Michelle "purporting to release delinquencies owed to the Department is null and void as to those delinquencies." The release executed by Michelle is thus invalid.

The trial court erred in holding that Donald is not liable to the Department for the claimed delinquency. We therefore reverse and remand for entry of judgment consistent with this opinion.

**REVERSED AND REMANDED.**