**In re the MARRIAGE OF Kenneth Ray STUTSMAN and Barbara Lee Stutsman.**

**Upon the Petition of Kenneth Ray Stutsman, Appellant,**

**And Concerning Barbara Lee Stutsman, Appellee.**

**No. 65391.**

Supreme Court of Iowa.

Oct. 21, 1981.

Michael G. Dieterich of Pryor, Riley, Jones & Aspelmeier, Burlington, for appellant.

T. K. Ford, Burlington, for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Respondent Barbara Lee Stutsman Edmunds filed a petition to modify the child support and visitation provisions of a dissolution decree. Petitioner Kenneth Ray Stutsman filed answer and resistance. Upon conclusion of Barbara's evidence at the hearing, Kenneth moved to dismiss the petition as to the child support issue on the ground Barbara had "no legal right to bring the action," that right being in the Iowa Department of Social Services (Department) to whom she had assigned the right to child support payments. Trial court overruled this motion, increased Kenneth's weekly child support payment, and fixed his visitation rights. Kenneth appeals from the adverse ruling on his motion and from the portion of the decree that increased his child support obligation. We affirm.

I. *Real Party in Interest.*

Appealing, Kenneth claims the Department and not Barbara is the real party in interest and that it alone legally may bring a modification proceeding. *See* Iowa R.Civ.P. 2.

For the purposes of this opinion we will assume Kenneth did not waive this ground by his tardy motion. *But see Cole v. City of Osceola*, 179 N.W.2d 524, 527–28 (Iowa 1970); *Keeling v. Priebe*, 219 Iowa 155, 158, 257 N.W. 199, 200–01 (1934). Barbara does not raise this contention, but meets the substantive issue head on.

More than one year before commencing this proceeding Barbara assigned the child support to the Department as a condition for receipt of Aid to Dependent Children (ADC). This assignment was pur-

suant to section 598.34, The Code, which in pertinent part provides:

> Persons entitled to periodic support payments pursuant to an order or judgment entered in an action for dissolution of marriage, who are also welfare recipients, shall assign their rights to such payments to the department of social services. The clerk of court shall forward support payments received pursuant to section 598.22 to the department, which shall have the right to secure support payments in *default* through proceedings provided for in chapter 252A or section 598.24.

(Emphasis added.) Construing such an assignment in *Broyles v. Iowa Department of Social Services*, 305 N.W.2d 718, 722 (Iowa 1981), we held that in the circumstances of that case it was effective until all delinquent payments were satisfied. It is true, as we said in *Broyles*, that "in the valid assignment of a judgment the assignee assumes the rights, remedies, and benefits of the assignor." *Id.* at 723. But it is plain from *Broyles* and from section 598.34 that the assignment is of the right to receive payment for the child support installments falling due in the interval the assignor is receiving welfare, and the remedy accorded the Department is the right to collect those "payments in default." Nothing in Barbara's assignment convinces us the parties to this instrument intended it should convey and therefore foreclose her right to bring a proceeding to increase future child support payments, neither due nor in default. Whether the Department has a statutory right to bring a chapter 252A proceeding for modification, as we indicated in *State [Department of Social Services] ex rel. Brecht v. Brecht*, 255 N.W.2d 342, 346 (Iowa 1977), is an issue not involved in this case.[1] *See Foreman v. Wilcox*, 305 N.W.2d 703, 705 (Iowa 1981).

The residual right of a "resident parent" of a child receiving public assistance to bring a modification proceeding is underlined by section 252B.6(3), which authorizes the child support recovery unit to

> [a]ppear on behalf of the resident parent of a child for whom public assistance is being provided, upon request by the parent, for the purpose of assisting the parent in securing a modification of a dissolution . . . decree which provided . . . inadequate support for the child.

Under certain conditions, the unit has a statutory right to apply to the court for an order directed to either or both parties to show cause "[w]hy the amount of support previously ordered should not be increased." § 252B.6(4)(b). Finally, the legislature made clear in, section 252A.8 that chapter 252A remedies "shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter." These Code sections make it clear that Barbara's right to seek a support decree modification under section 598.-21, The Code, was not extinguished by the ADC assignment.

■ The purpose of the real party in interest rule was described in *Ames v. Schill Builders, Inc.*, 274 N.W.2d 708, 713 (Iowa 1979), as "simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." *See United Security Insurance Co. v. Johnson*, 278 N.W.2d 29, 30 (Iowa 1979).

Protection of Kenneth as to past child support payments does not require that Barbara be foreclosed under the real party in interest rule from seeking larger future payments. The dissolution decree complied with section 598.22, The Code, in requiring the payments to be made to the clerk of

---

1. The right of a "state or political subdivision" furnishing support to institute a proceeding under section 252A.5(5) is identified as the "same right . . . as the dependent to whom the support was furnished." Under section 252A.6(1) the proceeding may be commenced by the "petitioner" (defined as the dependent person, see section 252A.2(5)) or the "petitioner's representative" (which includes a corporation counsel, county attorney, state's attorney, and other public officers, see section 252A.2(7)). See *Stearns v. Kean*, 303 N.W.2d 408, 412 (Iowa 1981).

court. Section 598.34 requires the clerk of court to forward assigned payments to the Department. Section 252A.13 contains a similar provision. In view of these statutory mandates it is difficult to perceive how Kenneth could be compelled to pay twice if he makes the payments to the clerk of court as ordered.

■ Nor does the concept of res judicata afford a valid basis for Kenneth's contentions. Installments due and payable are not subject to modification, while statutory law expressly makes the dissolution decree subject to modification as to future child support payments. *See* § 598.21(8), The Code 1981. Modification of a decree for support payments operates prospectively, not retrospectively, and where a modification is decreed, the payments accrued to that time cannot be affected. *Gilliam v. Gilliam*, 258 N.W.2d 155, 156–57 (Iowa 1977).

■ Lastly, public policy dictates that we recognize a custodial parent's right to bring a modification proceeding to increase future child support payments. As a matter of equity, the noncustodial parent should pay the right amount of support. A custodial parent's effort to be released from the necessity of receiving ADC payments should not be thwarted. In any event, both parents may be required to reimburse the state for money spent on behalf of the child. *See* § 252B.6(5), The Code. This factor makes a parent in Barbara's position an interested party in an effort to modify the decree to increase the other party's payments if there has been a substantial change of circumstances. That the Department may also be a "party specially authorized by statute" to launch such a proceeding under Iowa Rule of Civil Procedure 2 is not fatal to her right to maintain this action.

We hold Barbara was a real party in interest in this proceeding and that trial court was right in overruling Kenneth's motion to dismiss.

II. *Modification of Monthly Support.*

■ Kenneth asserts Barbara proved no substantial change of circumstances to jus-

tify trial court's decree increasing his weekly child support payment from $25 to $42.50. We disagree.

■ The dissolution decree was entered July 2, 1976. In the four years that ensued before the hearing in this cause, inflation stripped the support dollar of about one-third of its purchasing power. *See In re Marriage of Stamp*, 300 N.W.2d 275, 279 (Iowa 1980); *Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974); Note, *Inflation-Proof Child Support Decrees: Trajectory to a Polestar*, 66 Iowa L.Rev. 131, 131 n.6 (1980). Although proof of Kenneth's projected income for 1980 was unsatisfactory, there was clear evidence he increased his gross salary income from $13,137.04 in 1976 to $18,003 in 1979. During this time, payments on the home he acquired in the dissolution remained at $130 per month. In addition, his female companion has commenced paying one-half of this amount and one-half of the monthly utility bills. The child of the parties to this proceeding, Kenny Joe, born July 24, 1972, started to school. We may weigh the factors of increased school and medical expenses, and the needs of growing children. *Spaulding v. Spaulding*, 204 N.W.2d 634, 636 (Iowa 1973). Further discussion of the circumstances disclosed by the evidence would add nothing to our jurisprudence.

■ We affirm the modification decree entered in district court. Costs are taxed to Kenneth. Barbara is denied attorney fees in this modification proceeding. *See In re Marriage of Jensen*, 251 N.W.2d 252, 254 (Iowa 1978).

AFFIRMED.