**Joseph M. PIERRE, Plaintiff-Appellee,**

v.

**IOWA DEPARTMENT OF SOCIAL SERVICES, Michael V. Reagen, Commissioner, and Robert Huibregtse, Defendants-Appellants.**

No. 2–68444.

Court of Appeals of Iowa.

April 8, 1983.

Thomas J. Miller, Atty. Gen., and John R. Martin, Asst. Atty. Gen., for defendants-appellants.

Thomas M. Kelly, Jr., Davenport, for plaintiff-appellee.

DONIELSON, Judge.

Defendants appeal from trial court's order enjoining them from further attempts to collect past due child support from plaintiff. Defendants claim that a Mississippi state court had no authority to give plain-

tiff a credit on past due amounts and that no such credit should in fact be given. We reverse and remand.

The marriage of Joseph and Martha Pierre was dissolved by decree on July 29, 1977. Martha was given custody of the parties' two children; Joseph (plaintiff in this action) was ordered to pay child support in the amount of $25 per week per child. Because Martha was receiving ADC payments, she assigned her right to receive the child support payments to defendant Iowa Department of Social Services. Pursuant to Iowa Code chapter 252A the Department commenced an enforcement action which resulted in a 1978 Mississippi decree ordering plaintiff to pay support of $50 per month to the Department.[1] Few payments were made and, beginning in 1979, the Department sought to collect the amount of arrearage through the Internal Revenue Service (IRS). In 1980, plaintiff filed in Mississippi, the state of his residence, a petition seeking credit against the arrearage for $1,550 and a 1976 Mazda valued at $4,500, both of which were given directly to plaintiff's ex-wife. On the same day that the petition was filed the Mississippi court granted the credit as requested and plaintiff then filed this action in Iowa seeking to enjoin the Department from continuing attempts to collect the arrearage. The Iowa court granted the injunction as requested, finding that the Mississippi court possessed authority to grant plaintiff credit against the support arrearage. The Department brought this appeal.

■ We are unaware of any arguments of plaintiff as he has elected not to file a brief in this appeal. We note that "[t]he failure to file an appellee brief does not entitle petitioner to a reversal as a matter of right but does provide a basis for sanctions." *State ex rel. Buechler v. Vinsand,* 318 N.W.2d 208, 209 (Iowa 1982). In the present controversy, we limit our analysis to the controverted rulings of the district court as raised by defendant.

---

1. The Department does not challenge the propriety of this decree modifying plaintiff's sup-

port obligation. *See Moore v. Moore,* 252 Iowa 404, 107 N.W.2d 97 (1961).

The trial court concluded that the Mississippi court "had power and jurisdiction to enter the order, which it did, since under similar circumstances, this Court could enter such an order." The court correctly determined the critical issue in determining the validity of the Mississippi order to be whether an Iowa court could have issued a similar order. To paraphrase the United States Supreme Court: "[s]o far as the Full Faith and Credit Clause is concerned, what [Iowa—the decretal state] could do in modifying the decree, [Mississippi—the forum state] may do." *People ex rel. Halvey v. Halvey,* 330 U.S. 610, 614, 67 S.Ct. 903, 906, 91 L.Ed. 1133, 1136 (1947). The necessary implication, therefore, is that Mississippi may not modify the decree in a way which is impermissible under Iowa law. In other words, Iowa will not give any effect to the Mississippi order granting plaintiff a credit on his child support arrearage if an Iowa court had no power to grant such a credit. The question is whether an Iowa court would have that power.

Our supreme court has addressed this question on a number of occasions. The clear holding in those cases is that although a court may make prospective modifications of child support provisions, any rights or liabilities already accrued under the original decree may not be altered or eliminated. The following is found in *Gilliam v. Gilliam,* 258 N.W.2d 155, 156 (Iowa 1977):

> Furthermore, had this appeal stemmed from a modification of decree proceeding, *trial court possessed no authority to exonerate liability for any or all then past due and accrued decretal support payments.* As aptly articulated in *Wren v. Wren,* 256 Iowa 484, 489, 127 N.W.2d 643, 646 (1964):
> Modification of a decree for support payments operates prospectively and not retrospectively. The right to modify does not authorize the court to divest the parties of rights accrued under the original decree. Even where a decree is modified and a change is made the payments that have accrued up to that time cannot thereby be affected. (citations omitted) (emphasis added)

*See also In re Marriage of Stutsman,* 311 N.W.2d 73, 76 (Iowa 1981) ("where a modification is decreed, the payments accrued to that time cannot be affected"); *In re Marriage of Welsher,* 274 N.W.2d 369, 372 (Iowa 1979) (father's child support arrearage "cannot be modified retroactively to alter the debt due").

 Guided by these authorities, we conclude that, contrary to the holding of the court below, an Iowa court would not have had the power to credit plaintiff for payments made directly to Martha, his former wife, instead of to the Department as ordered. Because that arrearage had already accrued under the support order and was owing to the Department under Martha's assignment, it could not be modified, exonerated or otherwise eliminated. When there is a valid assignment of a judgment, as there was here, the assignee assumes the rights, benefits, and remedies of the assignor. *Broyles v. Iowa Department of Social Services,* 305 N.W.2d 718, 723 (Iowa 1981). When Martha assigned her right to receive child support to the Department, plaintiff's obligation was then to make all support payments directly to the Department. Martha is not an agent of the Department, and payments by plaintiff to her do not discharge his obligation to the Department. *See Broyles* at 721. Because an Iowa court would have had no power to give plaintiff credit on the arrearage, the Mississippi court was likewise without authority to do so. *See Halvey,* 330 U.S. at 614, 67 S.Ct. at 906, 91 L.Ed. at 1136. The trial court erred in concluding to the contrary.

The order making permanent plaintiff's injunction against the Department's collection efforts is reversed. The case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.