Judith K. PRAY, Appellee,

v.

IOWA DEPARTMENT OF HUMAN SERVICES, Appellant.

No. 88–580.

Supreme Court of Iowa.

Feb. 22, 1989.

Thomas J. Miller, Atty. Gen., Gordon Allen, Deputy Atty. Gen., and Patricia R. Hemphill, Asst. Atty. Gen., for appellant.

J. Drew Chambers of Holleran, Shaw, Murphy & Stoutner, Clinton, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER and SNELL, JJ.

HARRIS, Judge.

This is a dispute over funds Marvin Schriener inherited from his mother. Marvin was in default in making child support payments under a 1969 divorce decree. Plaintiff Judith Pray (Judith) is Marvin's former wife. She sought to recover for back payments from Marvin's interest in

the estate. Her dispute is not with Marvin, but with the defendant department of human services (the department) which claims the funds under assignments Judith executed as a condition for receiving AFDC[1] benefits. The district court found for the department, but limited its recovery to the amount Marvin was to pay Judith during the months she actually received the benefits. The department appeals. We reverse and remand.

Under the 1969 divorce decree Marvin was ordered to pay $100 per month in child support. The order was in effect during the entire period Judith received AFDC benefits, as well as before and afterwards. He paid very little and had a total delinquency of $12,300.

During several intervals between 1968 and 1981 Judith received benefits totaling $15,113. To secure the benefits Judith three times (in 1974, 1975 and 1981) assigned her support payments to the department. These assignments were mandated by Iowa Code section 598.34.[2]

Although the first of Judith's three assignments was less encompassing, the last two provided:

I, the undersigned recipient, do hereby assign *all my right,* title and interest *to all support payments* (*accrued,* current or future) provided for in the support order herein unto the Iowa Department of Social Services, and I understand that this assignment includes my interest in all support payments which come due during the period of my receiving assistance, whether paid before or after termination of assistance.

(Emphasis added.)

Judith's family became self-supporting four times during the period and on each occasion public assistance was terminated.

When terminations occurred in 1977 and again in 1981 the department filed notices in the divorce case. The notices provided for the termination of the assignments, but preserved the department's right to any delinquencies then accrued.

Although in default Marvin did not contest his obligation for past support payments. After his mother's death, Judith filed a claim in the estate. On the basis of the AFDC benefits paid, the department also claimed the entire delinquency. Marvin, Judith, and the department arranged for the $12,300 to be paid into court, pending a determination of rights to the fund. Judith then filed this declaratory action to determine the matter.

The assignment quoted above clearly transferred to the department all of Judith's rights to Marvin's support payments. It was not limited to Marvin's child support payments accruing during the period Judith received AFDC benefits. It included them, but also included "accrued" support payments. In *Broyles v. Iowa Department of Social Services,* 305 N.W.2d 718, 722 (Iowa 1981), we said:

Although the individual provisions of the assignment may be ambiguous, when read in its entirety the assignment clearly manifests the intent of the assignor and assignee. Michelle assigned to the Department her right to support payments that had *accrued* on April 27, 1976, the effective date of the assignment, *and* current and future support payments *"which come due during* the period of my assistance, whether paid before or after termination of my assistance."

(Emphasis added.) Under our holding in *Broyles* the department was entitled to all support payments due, up to the full amount of benefits paid. This view is not

---

1. Aid to families with dependent children. *See* Iowa Code ch. 239 (1987).

2. The district court decision and the department's appellate brief placed great reliance on the present wording of the section. It was however extensively amended after execution of all three of Judith's assignments. 1982 Iowa Acts ch. 1237, § 4. The amendment vastly expands the department's authority and interests.

The former statute merely required the recipient to assign any support rights. Our determination will however not turn on the present statute, but on the wording of Judith's assignments executed under the former statute. Hence the amendment is not material to our determination.

peculiar to Iowa. *See State ex rel. South-well v. Chamberland,* 361 N.W.2d 814, 818 (Minn.1985).

The trial court erred in limiting the department's recovery. The department paid more to Judith in benefits ($15,113) than the entire $12,300 due to her under the divorce decree. The department is entitled to judgment for the full amount of the fund.

REVERSED AND REMANDED.