Ken A. COX, Petitioner and Respondent,

v.

Walter R. HJELLE, Highway Commissioner, and Orlando V. Ellingson, Director, Safety Responsibility Division, State Highway Department, Respondents and Appellants.

Civ. No. 8836.

Supreme Court of North Dakota.

April 13, 1973.

Rehearing Denied May 11, 1973.

Dahl, Dahl & Greenagel, Grafton, for petitioner and respondent.

Helgi Johanneson, Atty. Gen., and Vernon R. Pederson, Special Asst. Atty. Gen., Bismarck, for respondents and appellants.

STRUTZ, Chief Justice.

The petitioner, respondent herein, was convicted four times within a period of two years for speeding. In each instance he was charged with and convicted of driving in excess of ten miles over the speed limit. Upon receipt of this record of convictions, the Highway Commissioner suspended the driver's license of the petitioner for sixty days, under authority of Section 39–06–32, subsection 7, North Dakota Century Code, as amended.

When he was notified of the suspension of his driving privileges, the petitioner requested a hearing as provided for in Section 39–06–33, North Dakota Century Code. Following that hearing, the Commissioner affirmed the suspension, and this appeal was taken from the Commissioner's order. The district court, after hearing, made its findings of fact, conclusions of law, and order for judgment canceling the order of suspension of such license. The Commissioner now appeals to this court from the order and judgment of the district court canceling his order of suspension.

Subsection 7 of Section 39–06–32, North Dakota Century Code, as amended, gives to the Commissioner the authority to suspend an operator's license, without preliminary hearing, when it appears from the High-

way Department records or other sufficient evidence that the licensee:

"7. Has been convicted four times of a misdemeanor, violation or offense on the highways, roads or streets, involving the movement of a vehicle within the preceding two-year period; provided said violations or offenses do not arise out of the same accident or occurrence or a conviction for speeding when the offense was less than ten miles per hour over the limit."

The next section of the Code, Section 39–06–33, goes on to provide that upon suspension of the driver's license of any person, as authorized in Section 39–06–32, the Commissioner shall immediately notify the licensee in writing, "and upon his request shall afford him an opportunity for a hearing as early as practical within not to exceed twenty days . . ." Such hearing was requested by the petitioner herein, and was held. At that hearing it appeared that the records disclosed that the licensee had been convicted four times of speeding within the previous two-year period. In each case the licensee was given an opportunity to be heard. The record discloses that in each instance the petitioner had been traveling in excess of ten miles per hour over the speed limit. In each of the four cases the licensee had not appeared to refute the charge although full opportunity was afforded him, and he had forfeited the bond which was posted at the time of his arrest. At the conclusion of the hearing, the Commissioner affirmed his previous order of suspension.

■ The petitioner thereupon appealed to the district court. The review by that court, as provided for in Section 39–06–39, North Dakota Century Code, is to determine whether there were reasonable grounds under the statutes for the decision which was made by the Commissioner. The decision of the district court is made subject to appeal by either the petitioner or the Highway Commissioner, and on such appeal the Supreme Court determines the

matter de novo upon the record which was made in the district court. The de novo hearing, however, is limited to ascertaining whether reasonable grounds existed for the determination of the Commissioner.

At the hearing in the district court, the petitioner did not deny that he had been driving in excess of ten miles per hour over the speed limit on each of the four occasions when he was charged with speeding and for which he was convicted. He sought, however, to justify his excessive speed in the case of his fourth arrest on the ground that he had received a call for help from the operator of a truck hauling beets whose truck had broken down on the highway. He asserted that this situation created a hazard on the highway which he felt justified his excessive speed.

The trial court reversed the order of suspension issued by the Highway Commissioner. From the order of the district court so dismissing the Commissioner's order of suspension, the Commissioner has appealed to this court.

■ As pointed out above, the decision of the district court determining whether reasonable grounds existed for the action taken by the Highway Commissioner under the law is appealable by the Commissioner. On such appeal, this court proceeds to hear the matter de novo on the record of proceedings had in the district court. We have examined that record, and it reveals that the defendant had been convicted four times within the previous two-year period of speeding, and that in each instance the petitioner had forfeited bail which had been posted at the time of his arrest without appearing for trial, although opportunity for hearing was afforded him in each case. Such forfeiture of bail is the equivalent of conviction of the charges against him. Sec. 39–06–30, N.D.C.C. Thus the record of proceedings before the district court discloses without any question that the licensee had been convicted four times of speeding and that each of the offenses was for traveling more than ten miles per

hour above the speed limit. It further appears that the order of the Commissioner suspending his license was based on such record.

█ The district court apparently felt that since no accident resulted from any of the violations of the petitioner, the Commissioner did not have reasonable grounds under the statute to order the suspension of petitioner's driver's license. In this we believe the district court is in error. The State is not helpless in a situation of this kind until someone is seriously injured or killed. The record discloses that the order of suspension was based on the showing that the petitioner had been convicted four times within a two-year period of a violation involving the movement of his motor vehicle on the highways, and that each of such convictions was for speeding, and that each conviction was for speeding in excess of ten miles per hour over the speed limit. The fact that no accident resulted or that, in the mind of the court, some of the violations were not excessive under the facts presented is immaterial.

The petitioner cites the case of Morrell v. Hjelle, 128 N.W.2d 728 (N.D.1964), which involved facts similar to the case at bar and in which this court reversed the suspension order of the Highway Commissioner because the State had not shown that the convictions of the petitioner had been for offenses of a serious nature. In 1964, when this court decided *Morrell*, the law provided that the Commissioner must show, as a condition of suspension of a license, that the licensee had been convicted of "serious offenses"; that the Commissioner, under the law as it was in force at that time, was required to consider the circumstances surrounding each violation to determine whether it was a serious violation. The Commissioner in that case had not done so. However, after the decision in *Morrell*, the Legislature amended the law, and all that the Commissioner now must show as grounds for suspension is that the licensee has been convicted four times within a two-year period of offenses

involving the movement of a vehicle on the highway; that the convictions do not arise out of the same occurrence; and that, if the violations are speeding, the convictions be for traveling at a speed in excess of ten miles per hour over the speed limit. Sec. 39–06–32, subsec. 7, N.D.C.C.

In this case, the record discloses that the petitioner did travel in excess of ten miles per hour over the speed limit in four separate instances and that the four convictions were for separate occurrences within the two-year period. Thus there were reasonable grounds under the statute for the Commissioner to order a suspension of the petitioner's driving privileges, and on determination de novo in this court, we so find.

The final issue raised on this appeal is whether the law authorizing the suspension of a driver's license is invalid and unconstitutional and in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution because it does not provide for a hearing before such suspension.

A case involving the question of procedural due process, which must be afforded a licensee on the question of his fault or liability before suspension of his driving license, is Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90, decided in 1971. In that case, the licensee had been involved in an accident when a five-year-old girl rode her bicycle into the side of his automobile. The parents of the girl filed an accident report with the Director of the Georgia Department of Public Safety, claiming damages in the sum of $5,000. The licensee thereupon was informed by the Director that unless he was covered by liability insurance in effect at the time of the accident, he would be required to file a bond or deposit $5,000 in cash or file a release from the claimants, and that he further would be required to furnish proof of future financial responsibility or suffer suspension of his operator's license. The licensee requested a hearing, asserting that

he was not at fault for the accident in question and that he therefore should not be required to establish financial responsibility. A hearing was scheduled, but at that hearing the licensee was informed that evidence as to his liability would not be allowed. When evidence of liability was offered, it was rejected by the Director and the licensee was given thirty days in which to comply with the security requirement of the Safety Responsibility Act, and was advised that he would suffer the suspension of his license if this were not furnished. The Georgia Court of Appeals upheld this ruling of the Director.

The United States Supreme Court held that, although the inquiry as to liability which would be required in order to afford the licensee due process need not be a full adjudication of liability, and that due process would be satisfied by a limited inquiry to determine whether there was a reasonable possibility of liability, some hearing as to fault or liability of the licensee was required since the Georgia statute made liability an important factor in the State's determination to suspend the license; and that the State could not, consistent with due process, suspend the license without a hearing on that issue.

*Bell* clearly does not support the position of the licensee in the case before us. In *Bell*, the licensee was required to post a bond or deposit of $5,000 without being afforded a hearing or an opportunity to show that he was in no way responsible for the accident that had occurred. He further was required to furnish proof of future financial responsibility without any hearing, or suffer suspension of his driving privileges. This, says the United States Supreme Court, was a denial of due process and in violation of the Due Process Clause of the Fourteenth Amendment.

█ In the case under consideration on this appeal, however, the licensee was not deprived of his rights without a hearing. In each of the cases in which he was charged with a traveling violation, he was given the opportunity of being heard. He deliberately chose not to appear and avail himself of such opportunity. However, having had the opportunity for hearing in each of the four cases, he was not denied due process as guaranteed under the Fourteenth Amendment.

We also have in mind the four-to-three decision of the United States Supreme Court in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, decided in 1972, where the goods of the petitioner had been seized in a replevin action without her being afforded an opportunity for hearing before such seizure. The majority of the Supreme Court held that replevin laws which denied the petitioner the right to be heard before her goods were seized violated the Due Process Clause of the Fourteenth Amendment. Thus in *Fuentes* the petitioner might have paid the entire debt due on the goods, but she was not given any opportunity to present any defense that she might have had. In our case, as has been pointed out, the licensee had an opportunity of being heard in each of the cases in which he was charged with a traveling violation. Therefore, there was no violation of the Due Process Clause of the Fourteenth Amendment.

The record in the case before us establishes that there were reasonable grounds under the statute for the decision which the Commissioner rendered. The licensee had been convicted four times, after full opportunity for hearing in each case. Where the driving record of the petitioner discloses four convictions involving movement of a vehicle upon the public highways within the preceding two-year period, such driving record constitutes an emergency situation which obviates the necessity for a presuspension hearing. Suspension in such case does not contravene the Due Process Clause of the Fourteenth Amendment of the United States Constitution. State v. Harm, 200 N.W.2d 387 (N.D.1972); State v. Sinner, 207 N.W.2d 495 (N.D.1973).

Since due process was not denied the licensee, the judgment of the district court

reversing the suspension order issued by the Highway Commissioner is reversed, and the order of the Highway Commissioner suspending the license of the petitioner is affirmed.

PAULSON and ERICKSTAD, JJ., concur.

TEIGEN, Judge (concurring specially).

I concur in the result. However I do not agree that a fourth conviction of speeding over ten miles per hour above the speed limit within a two-year period constitutes an "emergency situation" as envisioned by the United States Supreme Court in Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

For reasons set forth in State v. Harm, 200 N.W.2d 387 (N.D.1972), and in my special concurrence in State v. Sinner, 207 N.W.2d 495 (N.D.1973), I am of the opinion that our statutes providing for the suspension of an operator's license without a presuspension hearing do not contravene the due process clause of the Fourteenth Amendment to the United States Constitution.

KNUDSON, J., concurs.