James L. FETTERS, Director of the Drivers License Division, Iowa Department of Public Safety, Appellant,

v.

The Honorable L. Jack DEGNAN, Judge of the 1st Judicial District, Appellee.

No. 58001.

Supreme Court of Iowa.

Feb. 16, 1977.

Richard C. Turner, Atty. Gen., Peter E. Voorhees and Marsha Szymczuk, Asst. Attys. Gen., for appellant.

Donald R. Breitbach, Dubuque, for appellee.

Heard before MOORE, C. J., and MASON, REYNOLDSON, HARRIS and McCORMICK, JJ.

MASON, Justice.

James L. Fetters, director of the driver's license division of the Iowa Department of Public Safety, filed a petition for writ of certiorari in this court challenging the legality of a decree entered by defendant, the Honorable L. Jack Degnan, wherein petitioner's suspension of driving privileges for one Roy H. Noggles was rescinded and declared null and void. This court caused the writ to issue and proper return was made.

September 1, 1974, Roy H. Noggles was stopped by a Wisconsin state trooper and was advised he had been speeding. In addition, the officer informed Noggles he had been weaving and requested Noggles to walk a straight line. Subsequent conversation between the two men resulted in Noggles being taken to nearby Lancaster, Wisconsin, where a "breath test" was administered. Apparently, that test established the percentage by weight of alcohol in Noggles' blood was nineteen-hundredths of one percent. Noggles was charged with operating a motor vehicle while under the influence of an intoxicant and posted bond in the amount of $182.00. Noggles failed to appear in the Wisconsin proceedings against him and as a result his bond was forfeited September 19, 1974.

On or about October 31 Noggles received a notice from petitioner informing him that his Iowa driver's license would be suspended for 120 days effective December 8. The notice stated the suspension was pursuant to the provisions of sections 321.205 and 321.210(6), The Code, 1973, and was the result of the Wisconsin proceedings. Noggles requested and received an administrative hearing wherein the suspension was sustained.

December 3 Noggles appealed to the Dubuque District Court pursuant to section 321.215, The Code, 1973. Petitioner herein

moved for summary judgment on December 17, but it appears no ruling was ever made thereon, although a hearing was held immediately prior to trial.

At trial, Noggles admitted he had consumed two cans of beer during the two-hour period prior to the time of his arrest and also admitted he had "moistened" his chewing tobacco with four or five drops of whiskey. Noggles attempted to explain the weaving observed by the Wisconsin state trooper by pointing out that his vehicle "shimmied" at highway speeds. His problems with negotiating the straight line were attributed to his "crippled walk" which was the result of a knee injury. In addition, Noggles maintained he was misled by the Wisconsin officer and believed the matter was finished upon the posting of bond.

The version of events related by Noggles was substantiated by the testimony of Al Auderer and Francis Pothoff, friends of Noggles who assisted him in posting the required bond.

The trial court found that Noggles was not operating his motor vehicle while under the influence of an intoxicant at the time of his arrest and concluded petitioner's suspension of his driving privileges was arbitrary and capricious in that it was contrary to "the clear weight of the evidence and the law." In addition, respondent concluded as a matter of law that the forfeiture of bond or cash deposit in Wisconsin was not a final conviction under Iowa law. Petitioner maintains the decree entered pursuant to these findings and conclusions of law is illegal within the meaning of rule 306, Rules of Civil Procedure.

Petitioner presents the following issues for this court's review:

(1) Is forfeiture of bond equivalent to conviction?

(2) Are the courts of this state required to give full faith and credit to the Wisconsin conviction?

(3) May Noggles collaterally attack the Wisconsin conviction in the driver's license suspension proceeding?

(4) Did the trial court err in overruling petitioner's motion for summary judgment?

■ I. Rule 306, R.C.P., provides:

"A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his proper jurisdiction or otherwise acted illegally."

There is an illegality within the meaning of rule 306 when the findings upon which the inferior court or tribunal based its conclusions of law are not supported by substantial evidence of record. *Collier v. Denato,* 247 N.W.2d 236, 238 (Iowa 1976); *Vohs v. District Com'rs of Fremont Cty., etc.,* 218 N.W.2d 595, 596 (Iowa 1974).

"Certiorari is not an equitable proceeding. The action is by ordinary proceedings, rule 317, R.C.P., which means it is a law action. * * * [citing authority]. Consequently, our review ordinarily is not de novo and we do not review fact findings of the lower tribunal further than to ascertain if they are sustained by competent and substantial evidence. * * * [citing authorities].

" * * *

"Where there is no factual dispute and no conflicting inferences may be drawn from the facts it is for us to review trial court's conclusions as a matter of law. * * * [citing authority]. And in reviewing law issues, this court is not bound by trial court's ruling. * * * [citing authorities]." *State v. Cullison,* 227 N.W.2d 121, 126 (Iowa 1975).

■ Preliminarily, it should be pointed out that the briefs of both parties refer to Wisconsin law. However, Wisconsin law was neither pled nor proven by either party. Under these circumstances the following language from *Zeman v. Canton State Bank,* 211 N.W.2d 346, 349 (Iowa 1973), is controlling herein:

"Foreign law must be pleaded and proven. We may not take judicial notice of foreign law in the absence of such pleading and proof. * * * [citing authority]. In the absence of any pleading or proof it will

be presumed to be the same as ours. * * [citing authorities]. In Iowa we indulge in this presumption as to both statutory and common foreign law. * * * [citing authority]." See also *Matter of Estate of Allen,* 239 N.W.2d 163, 168–169 (Iowa 1976); *Farmers Insurance Group v. Merryweather,* 214 N.W.2d 184, 189 (Iowa 1974). But see Rule 94 R.C.P.

II. Petitioner contends defendant's conclusion the bond forfeiture involved herein was not the equivalent of a conviction is erroneous as a matter of law and is contrary to the great weight of authority.

The driver's license suspension involved herein was based upon the following statutory provisions:

"The department is authorized to suspend or revoke the license of any resident of this state upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of an operator or chauffeur." Section 321.205, The Code, 1973.

"The department is hereby authorized to establish rules under the provisions of chapter 17A providing for the suspension of the license of an operator or chauffeur without preliminary hearing upon a showing by its records or other sufficient evidence that under the rules adopted by the department the licensee:

" * * *

"6. Has committed an offense in another state which if committed in this state would be grounds for suspension or revocation.

" * * *." Section 321.210, The Code, 1973.

A conviction for operating a motor vehicle while under the influence of an intoxicant is a ground for mandatory revocation of a driver's license when said conviction becomes final. Section 321.209(2), The Code, 1971.

"Conviction" is defined as follows in section 321.208, The Code, 1971:

"For the purposes of this chapter the term 'conviction' shall mean a final conviction. Also for the purposes of this chapter a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction."

When similar factual situations and similar statutes are involved it appears to be well established that a forfeiture of collateral deposited is the equivalent of a conviction. See *Cox v. Hjelle,* 207 N.W.2d 266, 268 (N.D.1973); *Mothershead v. Texas Department of Public Safety,* 375 S.W.2d 788, 790 (Tex.Civ.App.1964); *Turro v. Carpentier,* 26 Ill.App.2d 156, 167 N.E.2d 568, 571–572; *Tate v. Lamb,* 195 Va. 1005, 81 S.E.2d 743, 747–748.

In *Richard v. Holliday,* 261 Iowa 181, 190–191, 153 N.W.2d 473, 479, this court said:

" * * * If we assume, without so deciding, there was a forfeiture of bail rather than a technical conviction in police court, section 321.208 states: * * *.

"It is not suggested any forfeiture of bail here was vacated."

Defendant does not attempt to construct an argument contrary to the above authorities and the clear meaning of section 321.208. Defendant maintains the forfeiture herein did not comply with Wisconsin law as is evidenced by exhibit 1, the ticket stub given to Noggles at the time of his arrest. Specifically, defendant points to directions set forth in exhibit 1 which relate how a violator may avoid the appearance requirement by mailing the required amount and court costs to the clerk of court. Significance is seen in the fact Noggles posted bond at the time of his arrest rather than mailing that amount to the clerk. Clearly this distinction without a difference cannot serve as the basis for holding Noggles did not in fact forfeit his bond. The following language from *Tate v. Lamb,* 81 S.E.2d at 748, is pertinent hereto:

"The phrase 'forfeiture of bail or collateral deposited to secure appearance' as used in section 46–387(4), supra, means the sub-

jection of the *res, i.e.,* the 'collateral deposit' made by the offender and placed by him under the control of the court. Once the deposited collateral is in the custody and control of the court at the offender's instance, the vital and controlling feature of the procedure is its subjection to the use of the sovereign. If that be accomplished by the order, direction or judgment of the court, then the forfeiture is complete and binding whether it be termed a fine or forfeit."

■■ Defendant's conclusion as a matter of law that the bond forfeiture "was not a final conviction under Iowa law" is clearly erroneous. Noggles posted bond at the time of his arrest. This bond was subsequently forfeited upon his failure to appear. No appeal was taken and the forfeiture was not vacated. Defendant's conclusion is contrary to the plain import of section 321.208 and is therefore "illegal" within the meaning of rule 306, R.C.P.

III. Petitioner's second contention concerning the alleged illegality of defendant's ruling is based upon the concept of full faith and credit. However, in light of the conclusion arrived at in division II hereof there is no need to confront this issue. Full faith and credit principles are embodied in sections 321.205 and 321.210(6), the statutory provisions pursuant to which the suspension involved herein was ordered. An application of the constitutional doctrine of full faith and credit, if it in fact were applicable hereto, would not differ from the correct application of the statutory provisions referred to. Consequently, petitioner's second contention will not be discussed herein.

IV. Petitioner maintains defendant erroneously permitted Noggles to collaterally attack the Wisconsin conviction on the ground there was insufficient evidence to support a finding of guilt. It is argued a traffic offense conviction upon which a driver's license suspension is based cannot be collaterally attacked in a proceeding reviewing said suspension.

Petitioner cites as support authorities which hold the validity of a prior conviction

for a traffic offense cannot be collaterally attacked in an appeal to review *mandatory* and ministerial action in revoking the license of such offender. *Martindale v. State, Director of Motor Vehicles,* 181 Neb. 64, 147 N.W.2d 6, 7; *Dillon v. Joyner,* 191 Va. 559, 66 S.E.2d 583, 585. However, unlike the cases cited by petitioner no mandatory action is involved herein. For some inexplicable reason petitioner chose to proceed against Noggles under section 321.-210(6) rather than 321.209(2). See *Shaw v. Department of Public Safety,* 257 Iowa 30, 34, 131 N.W.2d 261, 264. The latter provision establishes a ground for the mandatory revocation of driving privileges and would thus come within the purview of the authorities cited. On the other hand, section 321.210 merely authorizes suspensions for various offenses. Hence, the authorities cited by petitioner are inapplicable herein. Rather, the resolution of petitioner's contention would appear to rest upon a determination as to the appropriate scope of review in the district court.

Section 321.215, The Code, 1971, provided:

"Any person denied a license or whose license has been cancelled, suspended, or revoked by the department except where such cancellation or revocation is mandatory under the provisions of this chapter shall have the right to file a petition within thirty days thereafter for a hearing in the matter in a court of record in the county wherein such person shall reside and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days written notice to the commissioner, and thereupon *the court shall hear and determine the matter as an original proceeding upon a transcript of all the proceedings before the commissioner, and upon additional evidence and other pleadings as the court may require.* The decision of the court shall be final." (Emphasis supplied).

This court in *Needles v. Kelley,* 261 Iowa 815, 822, 156 N.W.2d 276, 280, interpreted section 321.215 as follows:

"When the court determines 'the matter as an original proceeding' it determines it

**30**

anew and is not bound by the action of the commissioner. It does not substitute its judgment for that of the commissioner. Initially the decision is in the administrative body acting both as prosecutor and judge but if appealed the authority rests in the district court. If the court is restricted to determination of the legality of the department's action its function as a reviewing court determining the matter as an original proceeding is lost.

"The legislature put the ultimate decision making authority in the court. It must remain there. The court makes a new independent judicial determination on the evidence and the law. * * *.

"II. Section 321.215 provides no appeal from the trial court to this court. Its final sentence reads, 'The decision of the court shall be final.' The only court referred to in the section is the court of record of the county of driver's residence. We therefore act only by application for writ of certiorari."

Although portions of *Richard v. Holliday* were rejected by this court in *Needles*, the following language appears to have survived:

"As we have indicated, there was competent evidence before the department of plaintiff's speed at the time in question. The record of conviction * * * shows she was charged with violating section 321.-285 * * * [speeding], convicted upon the charge, and fined $22. Plaintiff testified at the court hearing the arresting officer orally charged her with such a speed.

"The court was under no duty to require the department to prove the charge against plaintiff by evidence wholly outside the transcript of the administrative proceedings. As pointed out in division III, supra, the statutes provide in effect that the transcript of such proceedings shall be admissible evidence on a hearing under 321.215." 261 Iowa at 190, 153 N.W.2d at 478. See also *Ferguson v. Stilwill,* 224 N.W.2d 11, 13 (Iowa 1974).

Petitioner presented no evidence in the district court other than the file from the administrative proceedings. Noggles, on the other hand, introduced evidence in support of the contention there was insufficient evidence to justify a finding of guilt on the Wisconsin charge. Clearly it was an attempt to collaterally attack the Wisconsin conviction.

In *Brown v. Tank,* 230 Iowa 370, 374, 297 N.W. 801, 803–804, this court quoted with approval the following statements of law as they then appeared in earlier editions of the respective encyclopedias:

" * * * A collateral attack upon a judgment is an attack made by or in an action or proceeding that has an independent purpose other than the impeaching or overturning of the judgment, although impeaching or overturning the judgment may be necessary to the success of the action." 46 Am.Jur.2d, Judgments, section 631.

"A collateral attack is an attempt to impeach the judgment by matters dehors the record, before a court other than the one in which it was rendered, in an action other than that in which it was rendered; an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it; * * *. In other words, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack on the judgment is collateral." 49 C.J.S. Judgments § 408. See *Anderson v. Schwitzer,* 236 Iowa 765, 772, 20 N.W.2d 67, 71.

It is equally clear that well established principles prohibit such an attack except upon jurisdictional grounds. See *Peterson v. Eitzen,* 173 N.W.2d 848, 850 (Iowa 1970); *Davis v. Rudolph,* 242 Iowa 589, 595–598, 45 N.W.2d 886, 889–891; *Hetherington v. Roe,* 239 Iowa 1354, 35 N.W.2d 14; *McKee v. McKee,* 239 Iowa 1093, 1095–1096, 32 N.W.2d 379, 380–381. No jurisdictional defect in the Wisconsin proceedings was brought to defendant's attention. Consequently, defendant's decree which enabled

Noggles to successfully collaterally attack the Wisconsin conviction was erroneous as a matter of law and "illegal" within the meaning of rule 306, R.C.P.

V. Petitioner's contention concerning the motion for summary judgment presents nothing for this court's review. No ruling on that motion was entered of record. The burden of demanding such a ruling rests upon the party desiring it. A motion not decided or ruled upon in the trial court presents nothing for appellate review. *Harper v. Cedar Rapids Television Co., Inc., 244 N.W.2d 782, 786 (Iowa 1976).*

The conclusions reached in divisions II and IV hereof require that the writ be sustained and the cause remanded to the district court with directions to enter a decree affirming the suspension of the driver's license of Roy H. Noggles.—Writ sustained.