STATE of Iowa, ex rel. Sandra M.
PERKINS, Petitioner-Appellant,

v.

Dennis L. PERKINS,
Respondent-Appellee.

No. 2–67415.

Court of Appeals of Iowa.

Aug. 26, 1982.

Thomas J. Miller, Atty. Gen. and Mark A.
Havercamp, Asst. Atty. Gen., for appellant.

Jon H. Johnson and Robert F. Leonard of
Leonard & Johnson, Sidney, for appellee.

PER CURIAM.

State of Iowa appeals from the final
judgment of the district court, which dis-
missed the State's application for support
order, based on the juvenile court's order
terminating the parental rights of the re-
spondent. We affirm in part and remand
for further proceedings.

In June of 1976, a decree dissolving the
marriage of petitioner Sandra Marie Per-
kins and respondent Dennis Lee Perkins
was entered. Custody of the parties' minor
son, Shawn, was awarded to Sandra, and
the issue of child support was continued
until such time as Dennis returned to the
jurisdiction of the court. In February of
1977, Sandra assigned her right to child

support to the State of Iowa Department of Social Services in exchange for welfare assistance.

In August of 1980, the State filed an application for a support order on the ground that Dennis had returned to the jurisdiction. Shortly thereafter, Sandra filed a petition in juvenile court to terminate Dennis' parental rights with respect to Shawn. Dennis consented to the termination, and the juvenile court entered a termination order in November of 1980. In December, Sandra filed an application to dismiss the State's application for a support order; Dennis requested to be joined in this application. The trial court sustained their application to dismiss based on its conclusions that the parental termination order was valid and not subject to attack, and that the order terminated Dennis' obligation to support his minor child.

Our review of this case is de novo. Iowa R.App.P. 4. We are not bound by the trial court's findings of fact, but we give weight to them, especially regarding the credibility of witnesses. Iowa R.App.P. 14(f)(7). In reviewing the propriety of the termination of parental rights, the best interests of the child are given paramount consideration. Iowa Code § 600A.1; *In the Interest of Voeltz,* 271 N.W.2d 719, 722 (Iowa 1978).

■ I. Appellant State of Iowa contends that the order to terminate parental rights was invalid because the termination procedures under Chapter 600A, The Code, were intended to be used only to facilitate future adoption, not to enable parents voluntarily to avoid their support obligations. However, the chapter nowhere requires the possibility of adoption as a prerequisite to utilizing the termination procedures. In fact, failure of a parent to object to the termination after proper notice is a sufficient ground to order termination. Iowa Code § 600A.8(5). The paramount consideration is whether termination is in the best interests of the child. Iowa Code § 600A.1. The possibility of adoption is merely one factor to be considered in determining the child's best interests.

We are persuaded that the termination of the parent-child relationship between Dennis and Shawn was valid because the "ground for termination" of failure to object to the termination was met and termination was in the child's best interest. The consequences of continuing the relationship would be more severe than the consequences of terminating it, *Alsager v. District Court,* 406 F.Supp. 10, 23 (S.D.Iowa 1975), particularly considering the likelihood of adoption and the failure of Dennis to support Shawn prior to the termination. Dennis testified that he agreed to the termination because he thought it was in Shawn's best interest when he heard of Sandra's plans to remarry. We do not find support for State's contention that Dennis' acquiescence in the termination constituted an impermissible avoidance of his obligation to support. The cases cited by the State for this proposition concern agreements between the two parents, *see Merrifield v. Troutner,* 269 N.W.2d 136, 138 (Iowa 1978); *Anthony v. Anthony,* 204 N.W.2d 829, 834 (Iowa 1973), which differ from the adversary proceeding in the instant case.

■ Neither are we persuaded by the argument that the order terminating parental rights constituted a collateral attack on the trial court's order continuing the application for award of child support. A judgment can be attacked collaterally only if it was entered without jurisdiction. *Fetters v. Degnan,* 250 N.W.2d 25, 30 (Iowa 1977). The juvenile court clearly has jurisdiction to terminate parental rights. Iowa Code § 600A.3.

■ II. Appellant State of Iowa also contends that the termination order did not terminate Dennis' support obligation. Under Iowa Code § 600A.2, however, "termination of parental rights" is defined as a complete severance of the parent-child relationship, which is described as conferring certain rights and privileges and imposing certain duties. We thus conclude that the termination of parental rights completely severs the duties imposed by the parent-child relationship, including the duty of support.

It is well settled that a future judgment can be assigned. *Broyles v. Iowa Department of Social Services,* 305 N.W.2d 718, 721 (Iowa 1981). However, only those rights, remedies, and benefits which the assignor possesses can be assigned to the assignee. *Broyles,* 305 N.W.2d at 723. In the instant case the right to child support payments which became due subsequent to the termination of parental rights could not be assigned to the State, since Sandra did not possess that right herself. The State's entitlement to support payments was premised upon the assignor's entitlement, *Broyles,* 305 N.W.2d at 723 which in turn was premised upon Dennis' duty to make the payments. *Anthony v. Anthony,* 204 N.W.2d 829, 834 (Iowa 1973). Once Dennis' parental rights were terminated, he no longer had a legal duty to make those payments. The trial court therefore correctly dismissed the State's application for a support order as to those amounts.

With regard to the child support obligations which existed prior to the termination order, however, the trial court's decree must be modified. The Iowa Supreme Court has previously stated that payments which have accrued are vested and may not be taken away. *Greene v. Iowa District Court,* 312 N.W.2d 915, 918 (Iowa 1981); *Matter of Evans,* 267 N.W.2d 48, 52 (Iowa 1978). As assignee of Sandra's right to support payments, the State is therefore entitled to receive from the husband such amount as the court deems appropriate and as accrued prior to the termination of his parental rights.

We therefore remand this case to the trial court with directions to set an appropriate amount of child support, if any, for the period from the effective date of assignment (October 22, 1975), to the date of the termination order (November 25, 1980). Said amount shall constitute a judgment in favor of the State.

AFFIRMED IN PART; REMANDED IN PART.