In the Interest of T.Q., Child,

**J.B., Father, Appellant.**

No. 93–1041.

Court of Appeals of Iowa.

May 26, 1994.

Donna M. Humpal, Davenport, for appellant-father.

Cynthia Z. Taylor of Dwyer, Wing, Zamora, Taylor & Walters, Davenport, for appellee-mother.

Bonnie J. Campbell, Atty. Gen., and Michael J. Parker, Asst. Atty. Gen., for appellee-State.

Lauren M. Phelps of Phelps & Phelps, Davenport, guardian ad litem for minor child.

Heard by DONIELSON, C.J., and SACKETT and HABHAB, JJ.

DONIELSON, Chief Judge.

Taylor, born February 23, 1992, is the natural child of Jason and Sherry. The parents are not married but had a relationship between early 1990 and early 1991.

After Taylor was born, Jason contested paternity and the mother filed a petition to establish paternity and determine current and accrued support. Blood tests confirmed Jason to be Taylor's father. The court ordered Jason to pay monthly child support of $159 plus $11 monthly until $1000 has been paid to reimburse the State of Iowa for public assistance paid for Taylor.

Jason then filed a petition to terminate his parental rights to Taylor pursuant to Iowa Code section 600A.5, stating he had abandoned Taylor and never supported him. A hearing was held on the petition in June 1993. The district court denied Jason's petition, ruling termination would not be in Taylor's best interests.

Jason appeals, arguing he is "emotionally, psychologically and in all other respects incapable of being a parent to [Taylor]." He claims he is not attempting to avoid payment of child support and is willing to continue such payments after a termination of his rights. He maintains he specifically told the mother he never wanted to have children and did not like them. He argues he was diligent and responsible in matters of birth control, whereas the mother was not. Jason contends Iowa Code chapter 600A (1993) is unconstitutional because it "deprives him of a fundamental right to make a choice pertaining to family relationships and procreation", and infringes on his right to privacy. He claims it is impossible for him to show termination would be in Taylor's best interests in the absence of a pending adoption.

The mother argues the father did not say he never wanted children and did not question the use or method of birth control until after conception. The mother also contends the father's constitutional law analysis is incorrect because he weighs his fundamental rights against the mother's without considering the existence of the child's rights.

The guardian ad litem argues, among other things, Iowa Code chapter 600A is not unconstitutional on its face but it is unconstitutional as applied. The State disagrees and argues since no adoption is pending, if the father's rights are terminated, AFDC would continue to be paid to Sherry on Taylor's behalf without any method for the state to recoup those benefits. The State asserts public policy precludes allowing the father to avoid paying child support through termination proceedings, forcing the State to assume the burden.

Appellate review of termination proceedings is de novo. *In re W.G.*, 349 N.W.2d 487, 491 (Iowa 1984) *cert. denied sub nom. J.G. v. Tauke*, 469 U.S. 1222, 105 S.Ct. 1212, 84 L.Ed.2d 353 (1985). We give weight to the findings of fact of the juvenile court, especially when considering the credibility of witnesses, but we are not bound by those determinations. *Id.* at 491–92. Before terminating a parent's rights in a proceeding under Iowa Code chapter 600A, the court must determine both that statutory grounds for termination exist and the child's best interests would be promoted by terminating the parent's rights. *In re B.C.G.*, 496 N.W.2d 239, 245 (Iowa 1992); *In re D.W.K.*, 365 N.W.2d 32, 34–35 (Iowa 1985). The child's best interests are our paramount consideration in interpreting chapter 600A. Iowa Code § 600A.1 (1993). We give consideration to the rights of the parents also, but the child's interests are paramount. *Id.* Because Sherry currently is receiving AFDC support for Taylor, public interest also is involved. *In re K.J.K.*, 396 N.W.2d 370, 372

(Iowa App.1986) (citing *Anthony v. Anthony,* 204 N.W.2d 829, 833 (Iowa 1973)).

We agree with the determination of the district court termination of Jason's parental rights would not be in Taylor's best interest. "Our law is plain that upon a child's birth a father becomes legally and morally obligated to support it." *In re Marriage of McMorrow,* 342 N.W.2d 73, 75 (Iowa 1983) (citing *Addy v. Addy,* 240 Iowa 255, 258, 36 N.W.2d 352, 354 (1949)). We recognize Jason's argument he is willing to support Taylor after his parental rights are terminated. By this argument Jason seeks to distinguish this case from other voluntary termination cases which were denied because the termination would take away parental support. However, chapter 600A defines "termination" as "a complete severance and extinguishment of a parent-child relationship." Iowa Code § 600A.2(17). The parent-child relationship confers certain rights and privileges and imposes certain duties. *State ex rel. Perkins v. Perkins,* 325 N.W.2d 764, 765 (Iowa App.1982). Terminating parental rights "completely severs the duties imposed by the parent-child relationship, including the duty of support." *Id.* Since the State is paying AFDC support for Taylor, it is entitled to seek recovery of those costs. *See* Iowa Code §§ 239.3, 239.5, and 252B.3. Sherry would be unable to assign any judgment for support after Jason's rights were terminated because she and Taylor would not possess any rights to be assigned. *Broyles v. Iowa Dep't. of Social Services,* 305 N.W.2d 718, 723 (Iowa 1981). Jason would have no duty to support Taylor which could be enforced. *Perkins,* 325 N.W.2d at 766; *Anthony,* 204 N.W.2d at 834. As circumstances change, which could warrant modifying Jason's child support, there would be no recourse for Sherry, Taylor, or the State. The same would be true if Jason changed his mind at some later time and stopped making support payments. We find such a situation not in Taylor's best interests and affirm the decision of the district court to dismiss Jason's petition.

Jason and the guardian ad litem both advance constitutional arguments. "We regularly decline to address constitutional questions unless their answers are necessary to dispose of the case." *Wengert v. Branstad,* 474 N.W.2d 576, 578 (Iowa 1991) (citing *City of Des Moines v. Lohner,* 168 N.W.2d 779, 782 (1969). We decline to reach the constitutional issues raised since we can decide this case on narrower grounds. *In re D.L.B.,* 345 N.W.2d 147, 149 (Iowa App.1983) (citing *In re Marriage of Kramer,* 297 N.W.2d 359, 361 (Iowa 1980)). After considering all the issues presented, we determine any other issues the parties may have raised are either covered by this opinion or are without merit.

**AFFIRMED.**