**IN THE COURT OF APPEALS OF IOWA**

No. 16-0605
Filed October 12, 2016

**IN THE INTEREST OF K.S. AND K.A.,**
**Minor children,**

**C.A., Mother,**
        Petitioner-Appellant,

**C.S., Father,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Mahaska County, Rose Anne

Mefford, District Associate Judge.


        A mother appeals the district court's denial of her petition to terminate the

father's parental rights.  **AFFIRMED.**



        Diane G. Crookham-Johnson of Crookham-Johnson Law Office, PLLC,

Oskaloosa, and Philip J. De Koster of De Koster & De Koster, PLLC, Hull, for

appellant mother.

        Patrick J. Mahaffey of Mahaffey Law Office, Montezuma, for appellee

father.



        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

A mother appeals the district court's denial of her petition to terminate the father's parental rights to his children, K.S. and K.A. The children's mother sought to terminate the father's parental rights pursuant to Iowa Code chapter 600A (2015) on the ground that the father abandoned the children. Because we agree with the district court that termination of the father's parental rights is not in the children's best interests, we affirm the denial of the mother's petition.

We review de novo termination proceedings brought pursuant to Iowa Code chapter 600A. *See In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010). We are not bound by the district court's factual findings, but we afford them weight, particularly findings on the credibility of witnesses.[1] *See id.* Our primary concern is the best interests of the children. *See id.*; *see also* Iowa Code § 600A.1 ("The best interest of the child subject to the proceedings of this chapter shall be the paramount consideration in interpreting this chapter.").

In a private termination-of-parental-rights proceeding, the petitioner must establish by clear and convincing evidence that a statutory ground for termination exists. *See* Iowa Code § 600A.8; *In re A.H.B.*, 791 N.W.2d 687, 691 (Iowa 2010). If a ground is proved, the petitioner must also establish termination of parental rights is in the children's best interests. *See A.H.B.*, 791 N.W.2d at 690. While the best interests of the children is the primary concern of the proceeding, the interests of the parents must be given due consideration. *See* Iowa Code § 600A.1; *A.H.B.*, 791 N.W.2d at 690-91.

---

[1] The court found the father "quite credible in his testimony, even when the truth was negative about his wrongdoing." The court was not similarly impressed with the mother's testimony.

Abandonment of a minor child is one of the grounds authorizing the termination of parental rights under Iowa Code chapter 600A. *See* Iowa Code § 600A.8(3). Section 600A.2(19) defines abandonment of a minor child as "reject[ing] the duties imposed by the parent-child relationship . . . , which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child." Specifically, if

> the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

Iowa Code § 600A.8(3)(b). The petitioner need not establish the father's subjective intent to abandon the child. *See id.* § 600A.8(3)(c); *In re G.A.*, 826 N.W.2d 125, 130 (Iowa Ct. App. 2012) (recognizing a parent's subjective intent does not preclude a finding of abandonment); *see also In re C.J.F.M.*, No. 10-0166, 2010 WL 3157756, at *2 (Iowa Ct. App. Aug. 11, 2010) (recognizing the "'intention to abandon' is no longer a statutory element in the definitions of Iowa Code chapter 600A").

Although the district court discussed the abandonment issue, it made no finding regarding whether the father had abandoned the children. But such a finding was unnecessary in view of the court's conclusion that termination of the father's parental rights was not in the children's best interests. *See, e.g.*, *A.H.B.*, 791 N.W.2d at 690-91 (describing that both steps of the two-step termination analysis—statutory grounds and best interests—must be satisfied before termination is warranted); *In re T.Q.*, 519 N.W.2d 105, 107 (Iowa Ct. App. 1994) (affirming dismissal of a father's petition to voluntarily terminate his parental rights because termination was not in the child's best interests). In view of our conclusion that termination of the father's parental rights is not in the children's best interests, we, like the district court, need not decide whether the statutory grounds of abandonment were established. Our discussion therefore turns to the best-interests issue.

The mother claims the "children's best interest[s] require termination because [the father] has not parented and is not ready to parent, [and] is not bonded to the children." Section 600A.1 provides:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

Our supreme court has also cited, as a useful guide, the best-interest framework described in Iowa Code section 232.116(2) and (3),[2] which includes consideration of the physical, mental, and emotional condition and needs of the child, as well as the strength of the parent-child bond. *See A.H.B.*, 791 N.W.2d at 690-91, *but see In re H.S.*, 805 N.W.2d 737, 748-49 (Iowa 2011) (noting the rationale for the contrast between the wording in sections 600A.1 and 232.116(2)).

K.S. was born in 2009, and K.A. was born in 2010. The mother and father were not married. They lived together for a short time but separated sometime in 2010. The father had supervised visits until sometime in 2011. He had started to use methamphetamine, and because of this, he "walked away" from his visits with the children. At the February 2016 termination-of-parental-rights hearing, the father admitted he had not had any contact with the children in five years. The evidence shows the father did not "affirmatively assume the duties encompassed by the role of being a parent" to his children. *See* Iowa Code § 600A.1. The father did not establish or maintain a place of importance in the children's lives. He only met K.A. once. Since early 2012, he made only two child support payments, totaling $148.63. He admitted he provided no "in kind" support to his children following his separation with the mother and provided no emotional, medical, or educational support.

---

[2] Iowa Code section 232.116(2) specifically states that "the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Section 232.116(3)(c) allows the court to refrain from termination if it finds "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."

In 2014, the father was convicted of two class "C" felonies for delivery of methamphetamine. In March 2015, he walked away from a residential facility, which resulted in the revocation of his probation and the imposition of two ten-year prison sentences, to be served consecutively. At the time of the termination-of-parental-rights hearing, the father was incarcerated in a correctional facility with a July 10, 2017 anticipated date of release. The father admitted his absence from his children's lives was all his fault. At the hearing, the father asked the court not to terminate his parental rights because he was now sober, done with drugs, and capable of getting a job when paroled to meet his financial obligations to his children. He wanted to be a father figure to the children.

Regarding the children's best interests, the district court found:

> Terminating [the father's] parental rights would eliminate one of the only two parents these children have. That is not in the children's best interests at this time. Two parents are better than one. [The father], as a sober, contributing member of society, has benefits to offer these children that include financial support once he becomes paroled and employed, and emotional support once he begins communicating with the children and reinstates his visitation. Children do not need to have perfect parents to succeed. In fact, imperfect parents have valuable life lessons to impart. Neither [the mother] nor [the father] is perfect. [The mother] has done well to overcome the imperfect judgment that led to this relationship and two babies as a teenage mom. She has made decisions about further education and then opted to go down different employment paths as circumstances changed. She has successfully shouldered the responsibility for these children as a single mom for the past four years. [The father's] poor judgment has cost him four priceless years of his young children's lives and those are moments that he cannot recover. [The father] is now on a path toward rehabilitating his life in the Iowa Prison System. The children will be [eight] and [six] when he is paroled. At their young ages, they have many, many years to benefit from having their father in their life. [The father] presents no harm to the children and deserves an opportunity to provide for these children. The

termination of [the father's] parental rights in this case would **not** benefit the children in interest.

(Emphasis in original.) We agree.

On our de novo review, we conclude that termination of the father's parental rights is not in the children's best interests. We therefore affirm the district court's denial of the mother's petition.

**AFFIRMED.**