**IN THE COURT OF APPEALS OF IOWA**

No. 17-1623
Filed June 6, 2018

**MICHAEL YOUNG,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Marshall County, Timothy J. Finn,

Judge.

　　　The applicant, Michael Young, appeals the dismissal of his applications for

postconviction relief based on statute of limitations.  **AFFIRMED.**

　　　Michael Young, Cody, Wyoming, pro se appellant.

　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

　　　Considered by Potterfield, P.J., Tabor, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BLANE, Senior Judge.**

Michael Young appeals the dismissal of his four applications for postconviction relief. Because we agree with the district court that Young's applications were filed beyond the statute of limitations, we affirm.

I.     Factual and Procedural Background.

On February 6, 2013, Young was stopped by an officer and charged with four separate motor vehicle violations.[1] Following a trial before a magistrate, he was convicted and sentenced on October 23, 2013. Young timely filed a notice of appeal. As these were simple misdemeanors, the appeal was to the district court and assigned to a district associate judge. *See* Iowa R. Crim. P. 2.73(3). By written ruling filed on November 27, 2013, the appeals were denied and the convictions and sentences were affirmed.

Young then filed with the Iowa Supreme Court an application for discretionary review of the district associate court's appeal ruling affirming his convictions. The application was denied on January 31, 2014, by order signed by a single justice. On February 11, 2014, Young filed a petition for rehearing pursuant to Iowa Rule of Appellate Procedure 6.1205(1). On February 17, 2014, procedendo issued as to the four cases. On May 8, 2014, three justices of the supreme court addressed Young's petition for rehearing and issued an order, which stated: "This court treats the petition for rehearing as a motion to review the ruling of a single justice under Iowa Rule of Appellate Procedure 6.1002(5) (2009)."

---

[1] Marshall County Nos. NTA0033107 (driving under suspension); STA0033108 (failure to have proof of insurance); STA0033109 (operating an unregistered vehicle) and STA003310 (obstructed windshield/window).

The order then stated: "[T]he order denying the application for discretionary review is confirmed as the order of this court." Young did not challenge the issuance or timeliness of the procedendo in the criminal proceedings or request that it be recalled.

On May 4, 2017, Young filed four separate applications for postconviction relief, one as to each of the four separate convictions.[2] On July 21, 2017, the State filed its answer to Young's four applications. In the answer, the State raised the affirmative defense of the statute of limitations found in Iowa Code section 822.3 (2017). The State also filed a motion for summary disposition and a motion to dismiss the applications based upon statute-of-limitations grounds. On July 31, Young filed his resistance to the State's motion to dismiss, asserting that the procedendo in his criminal appeals was erroneously issued by the Clerk of the Supreme Court.

On August 28, 2017, the district court held a hearing on Young's applications as well as the State's motion to dismiss, where Young personally appeared pro se. On September 14, the district court issued its ruling and determined that Young had not established an exception to the statute of limitation and that the State's motion to dismiss should be granted. The court then went on to address the State's motion for summary disposition and Young's postconviction applications on their merits, deciding that the applications should be denied as being without merit. Young appeals.

---

[2] PCCI009453; PCCI009454; PCCI009455, and PCCI009456.

II.     Discussion.

On appeal, Young again contends that the Clerk of the Supreme Court erred in issuing the procedendo and that his applications for postconviction relief were therefore timely filed.  Postconviction relief proceedings are actions at law and review of proceedings is for correction of errors at law.  *Lado v. State*, 804 N.W. 2d 248, 250 (Iowa 2011).

As to applications for postconviction relief, Iowa Code section 822.3 provides in pertinent part: "Applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."  Any postconviction application filed outside of the applicable three-year limitations period "is time barred unless an exception applies." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003).  It is uncontested that the clerk issued the procedendo on February 17, 2014.  It is further uncontested that Young filed his applications for postconviction relief on May 4, 2017, more than three years after the procedendo issued.  In an attempt to escape this inevitable conclusion, Young argues that the supreme court clerk erroneously issued the procedendo and therefore the February 17, 2014 date cannot be considered in calculating the three-year statute of limitation.

Young's argument is that under Iowa Rule of Appellate Procedure 6.1208, no procedendo is to issue while a timely petition or motion is pending.  He argues, since he had a motion pending, the Clerk of the Iowa Supreme Court erroneously issued procedendo on February 17, 2014, and the supreme court retained jurisdiction of the case until the order denying the "petition for rehearing," which the supreme court treated as a motion for review, was issued on May 8, 2014.  *See*

Iowa R. App. P. 6.1002(9). Consequently, he contends the district court incorrectly relied upon the procedendo date of February 17, 2014, in determining that the three-year statute of limitations in section 822.3 had expired when Young filed his applications.

Young's argument does not withstand legal scrutiny. The district court in these postconviction relief actions had no jurisdiction to entertain a collateral challenge to the Iowa Supreme Court clerk's issuance of procedendo on February 17 in Young's criminal actions. *See In re H.S.*, 805 N.W.2d 737, 743–44 (Iowa 2011) ("[O]ur rules seem to contemplate one procedendo per appeal and do not appear to envision 'partial' procedendos, at least unless 'otherwise ordered.'"). Our supreme court has discussed the purpose and effect of procedendo:

> Once procedendo has issued, the jurisdiction of the supreme court ceases. *See* [*State v.*] *Henderson,* 243 N.W. [289,] 290 [(1932)]; Iowa Code § 814.25 [(2005)] (providing in reference to criminal matters that "[t]he jurisdiction of the appellate court shall cease when procedendo is issued"); *id.* § 631.16(7) (setting forth same principle pertaining to discretionary review of small claims actions); *see also* Iowa R. App. P. [6.1201(3)] (stating in cases of voluntary dismissal of an appeal that "[t]he issuance of procedendo shall constitute a final adjudication with prejudice"). Indeed, the entire purpose of a procedendo is to notify the lower court that the case is transferred back to that court. *See* [*State v.*] *Banning,* 218 N.W. [572,] 574 [(1928)].

*In re M.T.*, 714 N.W.2d 278, 282 (Iowa 2006). The supreme court went on to state that it also has authority to recall a procedendo. *Id.* Under *M.T.*, it appears the supreme court was without jurisdiction when it issued its May 8, 2014 order as procedendo had already issued, but this is of no consequence since the order simply "confirmed" the January 31 order. More important is that Young did not request in the criminal-appeal proceedings that the supreme court recall the

procedendo. Young cannot litigate the issuance of the procedendo through a collateral challenge in these civil postconviction relief proceedings. *See Fetters v. Degnan,* 250 N.W.2d 25, 30 (Iowa 1977). Our prior case law is clear that a judgment is not subject to collateral attack "except upon jurisdictional grounds." *Id.* The issuance of procedendo shall constitute a final adjudication with prejudice which equates to a judgment. *See id.* The procedendo issued on February 17, 2014, remains viable, and the district court properly relied on it in deciding the State's motion to dismiss based on statute of limitations.

We also determine that procedendo properly issued. Young filed a petition for rehearing pursuant to Iowa Rule of Appellate Procedure 6.1205(1), which can only be filed to challenge an *opinion* issued by the Iowa Supreme Court—not a single-justice order. Young could only challenge the January 31, 2014 order by filing a motion for three-justice review under Iowa Rule of Appellate Procedure 6.1002(5) ("The action of a single justice or senior judge may be reviewed by the supreme court upon its own motion or a motion of a party."); *see also M.T.*, 714 N.W.2d at 283 (finding a dismissal order from the supreme court is not an opinion under the Iowa Rules of Appellate Procedure such that a petition for rehearing should toll or delay issuance of procedendo). Since Young filed an incorrect motion under the incorrect rule the clerk properly issued procedendo on February 17, 2014. *See* Iowa R. App. P. 6.1208(1)(c).[3]

---

[3] Iowa Rule of Appellate Procedure 6.1208 provides:
> (1). *Procedendo from supreme court action.* Unless otherwise ordered by the supreme court, no procedendo shall issue for:
> . . . .

Iowa Code section 822.3 specifically uses an unequivocal reference to that specific event to establish when the statute of limitations begins to run: "in the event of an appeal, from the date the writ of procedendo is issued." *See* Iowa Code § 822.3. The district court was correct in calculating that Young's applications for postconviction relief were filed after the statute of limitations had run. The district court properly granted the State's motion to dismiss Young's four applications for postconviction relief.

Since we find Young's applications were correctly dismissed, there is no reason for us to review the substantive issues in this appeal.

**AFFIRMED.**

---

c. Seventeen days after an order dismissing the appeal is filed, nor thereafter while a motion requesting that the dismissal be set aside, *filed according to these rules*, is pending.

(Emphasis added.) Prior to March 1, 2017, this provision was numbered as 6.1208(1)b.