# IN THE COURT OF APPEALS OF IOWA

No. 17-1433
Filed September 12, 2018

**IN THE INTEREST OF S.B.,**
**Minor Child,**

**D.B., Grandmother/Legal Guardian,**
    Petitioner-Appellee,

**B.S., Father,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

A father appeals the juvenile court's decision terminating his parental rights in a private termination action. **AFFIRMED.**

Michael J. Lanigan of Law Office of Michael Lanigan, Waterloo, for appellant father.

D. Raymond Walton of Beecher, Field, Walker, Morris, Hoffman & Johnson, PC, Waterloo, for the appellee legal guardian.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A father appeals the juvenile court's decision terminating his parental rights in a private termination action brought by the child's legal guardian. There is sufficient evidence in the record to show the father abandoned the child and termination of the father's parental rights is in the child's best interests. We affirm the juvenile court.

### I.    Background Facts & Proceedings

B.S., father, and C.B., mother, are the parents of S.B., born in 2015. Both parents have a history of substance abuse. After the child was born, the parents lived with the child in the home of the maternal grandmother, D.B. After a period of time, the parents moved out, leaving the child in the care of D.B.[1] The parents saw the child periodically when D.B. brought the child to them for a visit. D.B. became the child's legal guardian on November 10, 2015.

B.S. was involved in a high-speed chase with police officers on November 3, 2015. He was convicted of assault on an officer with a deadly weapon, possession of methamphetamine with intent to deliver, and eluding, and he was sentenced to twenty years in prison. He has been incarcerated since April 16, 2016. B.S. stated he expected to be released on parole in December 2017.

On February 24, 2017, D.B. filed a petition seeking to terminate the parental rights of B.S. and C.B. under Iowa Code chapter 600A (2017). C.B. consented to the termination of her parental rights. At the termination hearing, held on May 25, 2017, B.S. testified the last time he saw the child was in February 2016. He stated

---

[1]  B.S. testified he lived with the child in D.B.'s home for about three months. D.B. and C.B. stated he lived there about one week.

he asked D.B. to bring the child to visit him in prison but his request was ignored. B.S. stated he bought diapers for the child "probably 10 times." He also stated he sent a card to the child at Christmas.

The juvenile court terminated the father's parental rights on the ground of abandonment under section 600A.8(3). The court found B.S. had not provided financial assistance for the child and had only visited the child sporadically before he went to prison. The court found termination of the father's parental rights was in the child's best interests, noting the father's lengthy history of substance abuse and criminal conduct. The father now appeals.[2]

## II.     Standard of Review

Our review in private termination proceedings is de novo. *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). We give deference to the factual findings of the juvenile court, especially those relating to the credibility of witnesses, but we are not bound by the court's findings. *In re R.K.B.,* 572 N.W.2d 600, 601 (Iowa 1998). Our primary concern in termination proceedings is the best interests of the child. Iowa Code § 600A.1; *G.A.*, 826 N.W.2d at 127.

## III.     Abandonment

B.S. claims there is not sufficient evidence in the record to show he abandoned the child. He states D.B. and C.B. did not want him to be involved in the child's life. He states C.B. was worried she might be going to prison and wanted to make sure D.B. maintained custody of the child, rather than allowing

---

[2]   As noted, the mother consented to termination of her parental rights, and she has not appealed the termination order.

B.S. to care for her. B.S. claimed he wanted to have more contact with the child since he was in prison but D.B. did not facilitate his requests.

Section 600A.8(3)(b) provides:

> If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

The phrase, "To abandon a minor child" has been defined as meaning a parent "rejects the duties imposed by the parent-child relationship, . . . which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child." Iowa Code § 600A.2(19).

There is clear and convincing evidence in the record to show the father made only a marginal effort to financially support the child. By his own admission, he only provided diapers for the child about ten times. We note D.B. and C.B. disputed this statement, stating the father never provided financial assistance for the child. Additionally, the father did not maintain regular communication with the child or with D.B., who had care of the child. *See id.* § 600A.8(3)(b)(2). There was no evidence the father made telephone calls to the child. At the hearing in May

2017, he stated he sent the child a card at Christmas 2016. We determine there is sufficient evidence to show the father abandoned the child under the terms of section 600A.8(3)(b).

In addition to the statutory grounds for termination, we must determine whether termination is in the child's best interests. *In re W.W.*, 826 N.W.2d 706, 711 (Iowa Ct. App. 2012). Section 600A.1 provides:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

The best interests of a child is our paramount consideration in actions under chapter 600A. Iowa Code § 600A.1; *In re T.Q.*, 519 N.W.2d 105, 106 (Iowa Ct. App. 1994).

We conclude termination of the father's parental rights is in the child's best interests. The record shows the father did not affirmatively assume the duties of being a parent at any time throughout the child's life. He did not financially support the child, make an effort to maintain communication with the child, or establish a place of importance in the child's life. *See* Iowa Code § 600A.1.

We affirm the decision of the juvenile court.

**AFFIRMED.**